**Chris CALABRESE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74-1262.**

United States Court of Appeals, First Circuit.

Argued Nov. 6, 1974.

Decided Nov. 29, 1974.

J. Joseph Maloney Jr., Boston, Mass., for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from the district court's dismissal of appellant's motion to vacate a sentence of twenty years' imprisonment imposed after his plea of guilty to a federal bank robbery charge. Appellant contends before us that his plea was induced because he was "led to believe" that a fifteen year sentence would be imposed, as it had been upon his pleas of guilty to four other similar charges. Appellant does not now challenge the district court's finding, adverse to his contentions below, that neither his trial counsel, nor the Assistant U. S. Attorney responsible for handling the case against him promised appellant that a particular sentence would be imposed, or misled him as to the advisory nature of the prosecutor's recommendation for sentencing.

The crux of appellant's argument is that having four times within a short span of time pleaded guilty and on each occasion having seen the prosecutor's recommendation of a sentence of fifteen years accepted by a different judge, he was convinced that he was assured of the same sentence, upon his fifth guilty plea. Since that belief was erroneous, appellant maintains that his plea was not "voluntary". Generally the imposition of a sentence greater than that expected by a defendant, or predicted by his counsel is not adequate grounds for vacating the sentence under 28 U.S.C.A. § 2255. Domenica v. United States, 292 F.2d 483, 485 (1st Cir. 1961); United States v. Pallotta, 433 F.2d 594, 595 (1st Cir. 1970). Only if a defendant can show that his plea was coerced, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), or induced by false promises, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), or made without comprehension of the charge against him, Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956), is he later permitted to argue that his plea was not "voluntary".

Fed.R.Crim.Proc. 11 is intended to assure that guilty pleas are voluntarily entered, requiring that the court address the defendant personally and determine ". . . that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." The district court in this case fully complied with the rule. The colloquy revealed straightforward answers to all the pertinent questions as to waiver of rights, maximum penalties, lack of inducement, etc. While defendant and his counsel were upset at the action of the judge in effectively negating the actions of four other judges, there was no intimation at the time to court, prosecutor, or defense counsel or in a subsequent motion to reduce sentence that a foul had occurred.

In the absence of any indication that appellant was misled by the prosecutor, or that the sentencing court failed adequately to probe appellant's state of mind, we cannot look into the subjective mental set of appellant to see to what extent misconceptions played a part in his guilty plea. We know of no standards which could prevent such an approach from becoming an unmanageable ad hoc probing of defendant's psyche at the time he pleaded guilty. Indeed, such a rule would virtually give a defendant an argument for a veto every time he received a sentence not to his liking.

The order of the District Court is affirmed.