**UNITED STATES of America, Appellee,**

v.

**Frank SAMBINO, Defendant-Appellant.**

**No. 267, Docket 85–1239.**

United States Court of Appeals, Second Circuit.

Argued Oct. 11, 1985.

Decided Oct. 28, 1985.

Opinion Published Aug. 25, 1986.

Cheryl J. Sturm, Philadelphia, Pa., for defendant-appellant.

Robert B. Bucknam, Asst. U.S. Atty., Southern District of N.Y., New York City (Rudolph W. Giuliani, U.S. Atty. for Southern District of N.Y., Ruth Wedgwood, Asst. U.S. Atty., Southern District of N.Y., New York City, of counsel), for appellee.

Before LUMBARD, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York, Keenan, J., dated

June 1, 1985, denying Sambino's motion to reduce his sentence pursuant to Fed.R. Crim.P. 35.

Sambino was indicted along with three co-defendants in Arizona on various narcotics violations. The charges against Sambino were transferred to New York where Sambino pleaded guilty to conspiracy to distribute narcotics and was sentenced to seven years imprisonment. Sambino predicated his subsequent Rule 35 motion to reduce his sentence on several bases, his poor health, his drug addiction, the fact that co-defendants received shorter terms, but principally on an alleged violation of Fed.R.Crim.P. 32(a)(1)(A). Sambino claimed that he had not had the opportunity to read and conduct a detailed review of the prosecution's pre-sentence investigative report (PSI). As a consequence, he claimed that the court's sentence was based on erroneous information which he had not had an opportunity to correct, namely that he was the principal in the drug transaction.

■ The record clearly indicates that Sambino was provided with the opportunity to read the PSI report. Moreover, prior to sentencing, Sambino wrote a letter to the court alleging that he was not in the leadership position in the drug transaction, the very statement he claims he would have made at sentencing if he had actually "read" the PSI. It is disingenuous for Sambino to argue that he was prejudiced by not seeing the report when he showed knowledge of the contents of the PSI. As the district court noted, the letter and the spirit of Fed.R.Crim.P. 32 requires only that the defendant have "an opportunity" to read the PSI. It is not necessary for the district court to personally question the defendant as to whether he has read the PSI. *United States v. Rone,* 743 F.2d 1169, 1174–75 (7th Cir.1984).

■ The record refutes the claim that the district court relied on inaccurate information in denying the Rule 35 motion. *United States v. Madonna,* 582 F.2d 704, 705 (2d Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 838, 59 L.Ed.2d 34 (1979). In

denying Sambino's Rule 35 motion, the district court specifically noted that whether Sambino was the principal actor or just one of the participants, the court would still have imposed the seven year sentence.

■ Rule 35 motions are "essentially pleas for leniency," *United States v. Ellenbogen,* 390 F.2d 537, 543 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). Our scope of review is limited to the question of abuse of discretion. Judge Keenan did not abuse his discretion in denying the Rule 35 motion.

The order of the district court is affirmed.