UNITED STATES of America, Plaintiff,

v.

Angel COLLADO–GOMEZ, Defendant.

No. 87 CR 62.

United States District Court,
E.D. New York.

Nov. 25, 1987.

Andrew J. Maloney, U.S. Atty., (Julie Copeland, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for plaintiff.

Joel Cohen, New York City, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant moves to withdraw his guilty plea because his decision to plead guilty was the result of haste, fear, confusion and ignorance.

Defendant was indicted along with a co-defendant, Gustavo Quintero–Gonzalez, on February 3, 1987 on one count of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a), and one count of possession with intent to distribute the same amount of cocaine base, in violation of § 846.

Both defendants moved to suppress physical evidence and statements made to law enforcement officials. On April 21, 1987, a hearing was held and the motions were denied.

On May 4, 1987, Quintero–Gonzalez was tried and convicted of the charges. On the same day, defendant pled guilty to both counts of the indictment upon an agreement with the government, which was approved by this Court, that he would be able to appeal the denial of his suppression motion.

Quintero–Gonzalez was sentenced on July 13, 1987 by this Court on both counts to concurrent terms of 10 years imprisonment and 5 years supervised release. The next day, Barry Fallick, defendant's attorney at that time, asked to be relieved as counsel because defendant intended to withdraw his guilty plea.

On September 15, 1987, defendant, by his present attorney, Joel Cohen, moved this Court for an order permitting the defendant to withdraw his plea of guilty on both counts and setting a date for trial.

Defendant maintains that he is innocent of the charges to which he pled guilty. He also asserts that as a result of confusion, he mistakenly believed that the appeal of his suppression motion would be resolved before sentencing. His final assertion is that he was confused about the conditional nature of his plea because, when this Court explained to the defendant the rights that

he would waive by pleading guilty, the Court included the right to appeal.

■ Under Fed.R.Crim.P. 32(d), "the court may permit withdrawal of the [guilty] plea upon a showing by the defendant of any fair and just reason." There is no absolute right to withdraw a plea; rather the burden is on the defendant to show valid reasons for the grant of this privilege, taking into account any prejudice to the government. *See United States v. Burnett,* 671 F.2d 709, 712 (2d Cir.1982).

■ After a thorough review of the record, I reject defendant's arguments. During the allocution, the defendant fully and clearly admitted his guilt. Contrary to the defendant's allegation, the plea minutes reflect unequivocally the defendant's admission that he and his co-defendant were going to sell a substance that he knew was a narcotic. Statements made during a plea are conclusive absent credible reason "justifying departure from their apparent truth." *United States v. Bambulas,* 571 F.2d 525, 526 (10th Cir.1978). Defendant's conclusory assertion of innocence is an insufficient basis to withdraw a guilty plea. *See United States v. Saft,* 558 F.2d 1073, 1082 n. 11 (2d Cir.1977).

■ Similarly insufficient is defendant's alleged mistaken belief that the appeal of his suppression motion would be decided before sentencing. There is no indication that the defendant was misinformed in this regard by the prosecutor, Ms. Copeland, or by his former counsel, Mr. Fallick, or by this Court. It would be difficult and unmanageable, if not impossible, for sentencing courts to probe the subjective mental state of each criminal defendant to discern the extent to which myriad possible misconceptions may involve themselves in a plea of guilty. *See Calabrese v. United States,* 507 F.2d 259, 260 (1st Cir.1974). As the sentencing minutes indicate, the defendant understood all the rights he waived. He asked for no clarification of the waiver of those rights despite an express opportunity to do so. A bald assertion that the defendant was mistaken about the timing of his sentencing and appeal, and that if he had known he would be sentenced and incarcer-ated before his appeal he would not have pled guilty, does not persuade me as a "fair and just reason" to permit the defendant to withdraw his plea. This kind of subjective belief, unsupported by any promise from the government or indications from the Court is insufficient to invalidate a guilty plea. *See United States v. Zelker,* 466 F.2d 1092, 1098 (2d Cir.1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1973).

■ Defendant's last argument centers on the nature of his conditional plea. The defendant and the government agreed that the defendant would plead guilty but reserve the right to appeal his motion to suppress. This agreement was approved by the Court. Later in the proceedings, when the defendant was being advised of the rights he was waiving, this Court incorrectly stated to the defendant that among the rights he was waiving was the right to appeal. The defendant has pounced upon this misstatement to argue that it confused him to such an extent that it now forms a valid basis for the withdrawal of his plea. I do not believe it does.

At several points during the plea, I referred to the plea as a conditional one. In addition, Mr. Fallick, when asked by the Court, if there was any agreement with the government, responded that the only agreement was that the plea would be conditional; that is, that the right to appeal the suppression motion would be preserved. As stated earlier, this Court asked the defendant just before he pled guilty if he had any questions "about the charge or your rights or anything else relating to this matter." The defendant answered in the negative. Further, despite the misstatement, defendant's right to appeal his suppression motion was, in fact, reserved. It strikes the Court that if the defendant was willing to plead guilty under the mistaken belief that he waived his right to an appeal, then certainly his plea of guilty would be well-founded when he still had the right to appeal.

Moreover, I observed the defendant's demeanor at the time of his plea and listened

carefully to the defendant during the allocution. I was then, and I am now, satisfied that his plea was voluntary, knowing and intelligent; and not the product of "haste, fear, confusion and ignorance." This belated claim of confusion, therefore, appears disingenuous.

■ I find that none of the grounds raised by the defendant is a "fair and just reason" to permit the withdrawal of the plea. The prejudice that would be suffered by the government if this motion was granted is not insubstantial. As I have indicated, defendant's co-defendant was tried and convicted on May 4, 1987, almost six months ago. The government would have to prepare for a trial, albeit a short one, and present it, a second time, to a new jury.

Finally, it has not gone unnoticed by this Court that the defendant's decision to withdraw his guilty plea over two months after he pled, coincided with the imposition of his co-defendant's sentence, the minimum prison term required under the law, after a jury trial. The logical conclusion to the timing and sequence of these events is that the defendant believes he will "do no worse" if he goes to trial. To permit a withdrawal under these circumstances would allow the defendant " 'to use the guilty plea as a means of testing the weight of the potential sentence.' " *United States v. Kay*, 537 F.2d 1077, 1078 (9th Cir.1976) (quoting *United States v. Simmons*, 497 F.2d 177, 179 (5th Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 623, 42 L.Ed.2d 643 (1974)); *see United States v. Navarro–Flores*, 628 F.2d 1178, 1184 (9th Cir.1980). This is a "primary policy ground for denying plea changes." *Kay, supra*, at 1078.

Accordingly, defendant's motion to withdraw his guilty plea is denied.

SO ORDERED.