**Fortunato INZONE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 87 CV 2987.

United States District Court, E.D. New York.

March 2, 1989.

Louise O. Knight, Clement & Knight, Lewisberg, Pa., for petitioner.

Beryl A. Howell, Asst. U.S. Atty., and Andrew J. Maloney, U.S. Atty., E.D.N.Y., for respondent.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255 for an order vacating, setting aside or correcting his sentence. For the reasons discussed below, the motion is denied.

### FACTS

Petitioner was convicted, following a jury trial before Judge Edward R. Neaher, of conspiracy to import heroin in violation of 21 U.S.C. § 963, and importation of approximately six kilograms of heroin from Italy in violation of 21 U.S.C. §§ 952, 960. On November 10, 1983, petitioner was sentenced to a fifteen-year term of imprisonment followed by a term of lifetime special parole. On appeal, petitioner challenged, *inter alia*, the sentence imposed alleging abuse of discretion. The Second Circuit affirmed the conviction on March 27, 1987. *United States v. Inzone*, 732 F.2d 142 (2d Cir.1984). Certiorari was denied by the

Supreme Court on October 1, 1984. *United States v. Inzone*, 469 U.S. 827, 105 S.Ct. 109, 83 L.Ed.2d 52 (1984).

Petitioner now moves to vacate his sentence claiming that his constitutional rights to due process and equal protection were violated because (1) he was denied an opportunity to read his presentence investigation report ("PSI") prior to sentencing; (2) the PSI contains inaccurate information; and (3) he was denied effective assistance of counsel at sentencing.

At the heart of these allegations are the following statements contained in the PSI that petitioner claims are materially inaccurate: (1) "[i]t is also noted that authorities are continuing an investigation of a double homicide and although the [petitioner] is not a suspect at this time, their investigation is continuing," PSI at 15; (2) that petitioner had been involved in narcotics since 1971, *id.* at 7; and (3) that he was convicted *in absentia* in Italy and sentenced to sixteen years imprisonment, *id.* at 8. Petitioner also complains that the PSI fails to reflect that his prior criminal record involved misdemeanor charges.

The government opposes the motion on the grounds that petitioner's challenges to the PSI are untimely and that the motion in its entirety is without merit.

## DISCUSSION

### I. THE PRE–SENTENCE INVESTIGATION REPORT

■ It is beyond dispute that a criminal defendant has a due process interest in the sentencing stage of his prosecution. *See United States v. Malcolm*, 432 F.2d 809, 815 (2d Cir.1970). This due process right is abridged when a defendant is sentenced on the basis of "materially untrue" statements. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). Accordingly, Congress has required, pursuant to Fed.R.Crim.P. 32(c)(3)(A), that

[b]efore imposing sentence the court shall ... determine that the defendant and the defendant's counsel have had *the opportunity* to read and discuss the presentence investigation report.

Fed.R.Crim.P. 32(a)(1)(A) (emphasis added).

It is well-settled in this circuit that "the opportunity" is all that is required—"[i]t is not necessary for the district court to personally question the defendant as to whether he has read the PSI." *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir.1985). Thus, when the record reveals that the defendant was provided an opportunity to review the PSI, post-sentence motions to correct alleged inaccuracies contained therein may be denied. *See id.* (Rule 35 motion); *United States v. Sheppard*, 621 F.Supp. 706, 708 (S.D.N.Y.1985) (§ 2255 motion).[1]

No challenge was made to facts contained in the PSI before petitioner was sentenced by Judge Neaher. The record clearly indicates, however, that both petitioner and his counsel, Michael Querques, were afforded an opportunity to review the PSI. Indeed, the sentencing minutes reveal that this was the first inquiry Judge Neaher made:

THE COURT: Good Morning. I would first like to inquire whether you have had an opportunity to see the pre-sentence report.

Mr. QUERQUES: I have, your Honor.

Sentencing Minutes at 3.

In his affidavit in support of this motion, petitioner admits that he and his counsel "discussed allegations contained in the PSI report." Inzone Affidavit, ¶ 7 at 1. Since petitioner had a discussion about the PSI before sentence was imposed, he perforce had the opportunity to review it. Petitioner's challenge under Rule 32(a)(1)(A) is thus belied by the record.

The Court nevertheless notes that petitioner's belated quarrel with the factual statements is without merit.

---

**1.** While petitioner is correct that the government shoulders the burden of proving, by a preponderance of the evidence, the truth of the factual allegations contained in the PSI, *see United States v. Lee*, 818 F.2d 1052, 1056–57 (2d Cir.), *cert. denied*, ——— U.S. ———, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987), this obligation comes into play only when the defendant's challenge is made before sentence is imposed. *See id.* at 1055.

First, petitioner alleges that the sentencing court was not informed that his prior criminal record involved misdemeanor charges "or matters which were more domestic in nature than criminal." Petitioner's "Attachment to 2255 Motion" at 5. Petitioner also denies the statement made in the PSI that he had been involved in narcotics since 1971 and was a top level financier in a drug distribution network. Third, petitioner claims that the PSI gives the mistaken impression that a conviction obtained in Italy arose out of a different criminal episode than the matter before the sentencing court.

The prior criminal record section of the PSI lists seven prior incidents, including the matter before the sentencing court. The earliest incident involved an indictment for arson for which petitioner was found not guilty. Two complaints were filed by petitioner's wife charging him with assault and battery. One of the complaints was withdrawn. Petitioner was fined $50 in connection with the second complaint. Petitioner was also charged with promoting prostitution. The action, however, was subsequently dismissed. The PSI further reveals that in 1981 petitioner "was tried, convicted and sentenced *in absentia* to 16 years in prison by the Italian tribunal in Milan *relative to this case.*" PSI at 8 (emphasis added). In a pre-sentencing letter from the government, which was provided to the court and petitioner's counsel prior to sentencing, it was made clear that petitioner's conviction in Italy was "for charges stemming from the same importation." Letter from Reena Raggi, Nov. 8, 1983 at 5. The PSI also notes that petitioner was indicted on or about June 13, 1983 for his involvement in another heroin conspiracy before Judge Weinstein, *United States v. Lauretano,* 697 F.2d 299 (2d Cir. 1982). The government's pre-sentencing letter cited evidence from Judge Weinstein's case tending to show that in 1978 petitioner received twenty-eight kilograms of heroin that was imported from Turkey, and that in 1979 petitioner received an additional heroin shipment that was smuggled into the United States by co-conspirators.

The foregoing review of the PSI and the pre-sentencing letter from the government conclusively demonstrate that contrary to petitioner's assertions, Judge Neaher was well aware before imposing the sentence that (1) many of the charges brought against petitioner were either misdemeanors, matters disposed of in a manner favorable to petitioner, or domestic disputes, and (2) petitioner's Italian conviction arose out of the same indictment that was before the court. Aside from petitioner's bald and belated assertion that he has not been involved in narcotics since 1971, and that he was not a top level narcotics financier, he has never and does not now dispute the accuracy of government's proof in *Lauretano.*

Petitioner's final challenge to the PSI is also without merit. Petitioner alleges that "[t]he PSI indicates [that he] was involved or connected with a double homicide." Petitioner's "Attachment to 2255 Motion" at 4. Although the PSI never identifies the murder victims and specifically states that petitioner was not a suspect at the time of sentencing, petitioner maintains that the victims were Marie Polizzi and Toto Calabria. Petitioner argues that because one Dominick Lofaro, a government witness in the *United States v. Gotti,* (85 CR 178) trial, admitted on January 7, 1987 that he killed both Polizzi and Calabria, the PSI is misleading.[2] Petitioner's PSI, however,

---

**2.** In this regard, petitioner has moved pursuant to Rules 6, 7(a) & 7(b) of the Rules Governing Section 2255 Proceedings to conduct discovery pursuant to Fed.R.Civ.P. 33. Petitioner has propounded interrogatories to the Probation Officer who prepared the PSI in an effort to identify both the victims of the double homicide to confirm that the reference is to Polizzi and Calabria and the persons and/or agencies investigating the homicides. The government opposes the motion on the ground that the identities of the victims, are immaterial. I agree. Regardless of the victims' identities, the PSI candidly states that petitioner is not a suspect. Moreover, petitioner concedes that his "argument as to the falsity of the double homicide *innuendo* would remain unchanged even if the identity of the two persons is not Polizzi or Calabria." Petitioner's Brief in Support of Motion Pursuant to Rules 6 and 7(a) and (b), at 7. Since petitioner has failed to demonstrate a valid basis for this

never mentions Polizzi and Calabria's names.[3] Thus, whether this particular double homicide is the same as the one referenced in the PSI is wholly unclear and, in any event, irrelevant since the PSI specifically states that petitioner was not a suspect. Moreover, there is no evidence that Judge Neaher relied on this or any other factual allegation contained in the PSI. *See infra,* Part II. In the absence of such evidence, reassessment of the sentence is improper. *Cf. Bonfiglio v. Hodden,* 770 F.2d 301, 304 (2d Cir.1985) (resentencing unwarranted to remove taint of invalid conviction where no evidence of reliance on invalid conviction by sentencing judge).

Thus, although the record conclusively establishes that petitioner and his counsel were afforded an opportunity to review the PSI as mandated by Rule 32(a)(1)(A), the Court also concludes that the alleged factual inaccuracies are either belied by the PSI itself or unsupported, even at this late date, by evidence sufficient to warrant a hearing.[4]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To establish an ineffective assistance of counsel claim, petitioner must satisfy the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that his counsel's errors fell below an objective standard of reasonableness and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. The record in this matter reveals that petitioner has failed to demonstrate that he has or could satisfy either part of this test.

■ Petitioner's ineffective assistance of counsel claim presents essentially the same

factual matters discussed above. Specifically, petitioner claims that his counsel erred by (1) failing to instruct him to read, or tell him that he had the right to read the PSI; (2) failing to correct the aforementioned alleged factual inaccuracies contained in the PSI; (3) failing to inquire whether petitioner could obtain reputable persons to verify his good character.

The last of these alleged errors is flatly contradicted by the sentencing minutes. It is apparent that counsel not only inquired about obtaining character letters to aid the sentencing court, but that counsel secured those letters and presented them to Judge Neaher:

THE COURT: And I have just received some letters on behalf of your client which I have read.

MR. QUERQUES: Thank you, sir.

Sentencing Minutes at 3.

Counsel's failure to challenge the alleged factual inaccuracies does not fall below an objective standard of reasonableness since, as discussed above, there is no evidence that the PSI, in fact, contained inaccuracies. Moreover, advancing a challenge to the PSI, which may culminate in a hearing pursuant to *United States v. Fatico,* 603 F.2d 1053 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980), is dangerous water upon which to tread. Requiring the government to prove, even by a mere preponderance of the evidence, *see Lee, supra* note 1, at 1057, ancillary factual allegations about the defendant, necessarily exaggerates the importance of those statements, and often paints a view of the defendant that is much dimmer than the sentencing judge's assessment as gleaned from the cold pages of a PSI.

It is suggested from counsel's remarks at the sentencing, that his strategy was to

---

discovery, the motion must be and hereby is denied.

**3.** Concededly, the government's pre-sentencing letter notes the murders of several people, including Polizzi, who were associated with petitioner and his co-defendants. Again, however, there is no mention that petitioner was suspected or in any way charged with the homicides.

**4.** Although the Court is mindful that petitioner's challenges to the PSI may well be untimely, *see United States v. Ursillo,* 786 F.2d 66, 71 (2d Cir.1986) (denying motion pursuant to Rule 32(c)(3)(D) brought 13 months from date of sentence), in the context of this § 2255 motion, the Court will consider the merits of the challenges.

divert Judge Neaher's attention away from "allegations which aren't substantiated" and "rumor and innuendo," and direct the judge's focus to petitioner's role in the crime and his stable family history. *See* Sentencing Minutes at 4–8. Indeed, Judge Neaher's comments regarding the basis of the sentence he imposed focused exclusively on the crime with which petitioner was convicted:

> In this country to be a participant with others in a plan to import huge sums, amounts of heroin into this country for no other purpose than to sell it to see that it gets out and used by people calls for, I'll say, a very severe punishment.

Sentencing Minutes at 10.

It is precisely because of these remarks by Judge Neaher that petitioner has failed the second part of the *Strickland* test. Even were the Court to assume that (1) counsel failed to advise petitioner to read the PSI; (2) such conduct fell below an objective standard of reasonableness; and (3) the PSI contains material inaccuracies, there is no reason to believe that the sentence Judge Neaher imposed would have been different. Although a sentencing court is not bound by any rule to articulate the reasons for the sentence imposed, the minutes reveal that Judge Neaher was exclusively troubled by the crime committed—not by any ancillary factual matters contained in the PSI. No challenge is made, however, that counsel committed errors at trial that would render the conviction unconstitutional. Accordingly, relief based on ineffective assistance of counsel must fail.

### CONCLUSION

The motion to vacate, correct or set aside petitioner's sentence pursuant to 28 U.S.C. § 2255 must be and hereby is denied.

SO ORDERED.