Storie Lynn ORTA, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 88–1176C(1).

United States District Court,
E.D. Missouri.

April 12, 1989.

Storie Lynn Orta, Lexington, Ky., pro se.

Debra Herzog, Asst. U.S. Atty., St. Louis, Mo., for U.S.

## MEMORANDUM

NANGLE, Chief Judge.

This memorandum supplements the report and recommendation of the Honorable William S. Bahn, United States Magistrate, and specifically addresses petitioner's objections thereto.

Petitioner Orta seeks habeas corpus relief from her convictions under 21 U.S.C. § 841(c) for possession of marijuana and under 26 U.S.C. § 7201 for failing to make an income tax return with the Internal Revenue Service. Mrs. Orta pled guilty to both offenses before this Court on March 7, 1985. Magistrate Bahn interpreted Mrs. Orta's petition as raising two grounds for relief:

(1) That the four year sentence imposed with regard to her failure to make an income tax return was illegally imposed; and

(2) That her guilty plea was involuntarily given following her failure to examine the presentence investigation report in order to correct inaccuracies therein.

■ Magistrate Bahn characterizes petitioner's first ground for relief as claiming that because this Court failed to advise petitioner that the count against her for failing to make an income tax return contained a lesser included offense, petitioner entered her plea of guilty to that offense involuntarily. Magistrate Bahn observes that this Court advised Mrs. Orta of the particular charges against her and that Mrs. Orta admitted to facts that established the element of willfulness, an element of the tax offense with which she was charged. He concludes that because peti-

tioner admitted to facts sufficient to satisfy the elements of the tax count, it is immaterial that a lesser included offense was contained therein.

Mrs. Orta objects to the Magistrate's recommendation by noting that when she entered her plea, she denied facts that would establish the element of willfulness necessary to establish a violation of 26 U.S.C. § 7201. Specifically petitioner argues that:

(1) Her denial of facts that would establish the element of willfulness undermined the validity of her guilty plea, and this Court violated Rule 11(f) Fed. R.Crim.P. by accepting her plea.

(2) When petitioner denied facts that would establish willfulness, this Court should have admonished her that proof of the offense required a showing that she willfully and knowingly attempted to evade income tax by using currency, pursuant to Rule 11(c)(1) Fed.R. Crim.P.

Although Rule 11(f) prescribes no particular method by which a court must establish the factual basis of a plea, the record must provide sufficient evidence to support the conclusion that the defendant is guilty. *United States v. Rivera–Ramirez,* 715 F.2d 453, 457 (9th Cir.1983) citing *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Mrs. Orta bases her claim that she denied facts that would establish willfulness on the following exchange:

THE COURT: You paid cash?

MRS. ORTA: In rent.

THE COURT: In rent?

MRS. ORTA: Yes.

THE COURT: Was one of the reasons you did that was in order to conceal income and tracing to you?

MRS. ORTA: No, that wasn't the reason.

(Tr. 48–49).

Admittedly, had the dialogue begun and ended at this juncture, serious doubt would exist with regard to the factual basis of petitioner's plea. The Court's questioning, however, was not so limited. Immediately prior to the passage that petitioner quotes, petitioner admitted that she concealed in-

come in various ways by paying in cash rather than checks. (Tr. 48, lines 5–8). After the quoted passage, petitioner admitted that she sought to avoid the payment of taxes in other ways, such as using fictitious names and dealing in cash. (Tr. 49, lines 4–8). She offered examples of purchasing cars, jewelry and clothing in cash. (Tr. 49, lines 11–19). Furthermore, petitioner specifically admitted that she realized that using cash would make it more difficult to trace her income. (Tr. 49, lines 21–23).

Upon review of the entire transcript of Mrs. Orta's guilty plea, this Court finds that Mrs. Orta admitted facts sufficient to establish the element of willfulness requisite to establishing a violation of 26 U.S.C. § 7201. Indeed, Mrs. Orta denied that she paid her rent in cash to conceal income. Cash payment of rent, however, was but one possible example of willfulness. The record demonstrates that petitioner admitted to a host of activities other than cash payment of rent that could establish willfulness, in addition to her admission that she realized that these activities would create difficulties in tracing her income. Hence, the Court concludes that no violation of Rule 11(f) occurred during petitioner's guilty plea. Furthermore, no violation of Rule 11(c)(1) occurred.

■ With respect to the second ground for relief, Magistrate Bahn notes that Mrs. Orta alleges defects in the Parole Commission's calculation of her parole date and that even if her allegations are true, the Commission's actions would not render the sentence unlawful. Thus, Magistrate Bahn concludes that Mrs. Orta's claim is not cognizable under § 2255.

Petitioner objects to the Magistrate's characterization of this ground for relief. Petitioner argues that her second ground is more properly characterized as claiming that by failing to insure that petitioner read her presentence report, this Court violated Rule 32(a)(1)(A) of the Federal Rules of Criminal Procedure and "substantially prejudiced the petitioner's sentence." Therefore, petitioner argues, because inaccuracies in the presentence report caused

this Court to impose a more lengthy sentence and because a longer sentence caused petitioner's parole date to be more distant, her sentence is void.

Because petitioner is proceeding *pro se*, this Court must remain mindful that her petition should be construed liberally. *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980). In concluding that Mrs. Orta merely wishes to challenge the actions of the Parole Commission in calculating her parole date, Magistrate Bahn focuses on Mrs. Orta's claim that her parole date is more distant than it should be. From petitioner's complaint it certainly appears that the delay of Mrs. Orta's parole date precipitated her filing of this action. Her complaint, however, claims that the roots of her parole problem lie in this Court's alleged failure to comply with Rule 32, rather than any impropriety attributable to the Parole Commission. This Court concludes, therefore, that Mrs. Orta alleges that this Court failed to comply with Rule 32(a)(1)(A) when sentencing Mrs. Orta and that said noncompliance violated her right to be sentenced on the basis of accurate information. Hence, this Court declines to accept the Magistrate's rationale for dismissing petitioner's claim.

The question remains, however, whether this Court's alleged noncompliance with Rule 32(a)(1)(A) is subject to collateral attack under § 2255. Although technical violations of the Rules of Criminal Procedure are not subject to attack under § 2255, *United States v. Timmreck*, 441 U.S. 780, 784–85, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979), in certain circumstances, violations of Rule 32 are cognizable under § 2255. *Poor Thunder v. United States*, 810 F.2d 817, 822 n. 5 (8th Cir.1987). The Eighth Circuit characterizes such circumstances as when " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure' " is alleged. *Poor Thunder*, 810 F.2d at 822 quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

Rule 32(a)(1)(A) provides:

Before imposing sentence, the court shall also—

(A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B).

In *United States v. Rone*, 743 F.2d 1169 (7th Cir.1984), the Seventh Circuit set forth specific guidelines which require that sentencing courts ask the *defendant* whether she has had the opportunity to read the PSI, whether she has discussed the PSI with counsel and whether the defendant wishes to challenge the PSI. *Id.* at 1175. In *United States v. Sambino*, 799 F.2d 16 (2nd Cir.1986), however, the Second Circuit held that the sentencing court need not question the defendant herself as to whether she has read the PSI. *Id.* at 17. Likewise, in *United States v. Stevens*, 851 F.2d 140 (6th Cir.1988), and in *United States v. Mays*, 798 F.2d 78 (3rd Cir.1986), the Sixth and Third Circuits, respectively, held that Rule 32(a)(1)(A) only requires the sentencing court to *somehow* determine that defendant and counsel have enjoyed an opportunity to read the PSI. *Stevens*, 851 F.2d at 143. Finally, the Eighth Circuit stated in dicta in *Poor Thunder v. United States*, that "giving a defendant the chance to examine the report through his agent only, as opposed to personally [does not take away] any of the rudiments of fair procedure." *Poor Thunder*, 810 F.2d at 822 n. 5.

Given the Eighth Circuit's statement in *Poor Thunder*, this Court concludes that "the rudiments of fair procedure" do not require a sentencing court to observe the Seventh Circuit's mandate in *Rone*. Rather, the court must at least determine that the defendant's attorney has enjoyed the opportunity to examine the presentence report. Although compliance with this minimum standard may not satisfy the requirements of 32(a)(1)(A) that "the defendant and his counsel" must have the opportunity to read and discuss the PSI, a violation of the rule is not open to collateral attack

under *Poor Thunder* unless noncompliance fails to meet this minimum standard.

In the case at bar, Mrs. Orta claims that she never saw her presentence report prior to her sentencing and that the PSI contained erroneous information. She does not claim that her attorney did not have an opportunity to examine the presentence report. Indeed, in support of her claim that she did not read the PSI, Mrs. Orta submitted as exhibits letters dated January 31, 1986, and February 24, 1986, from Jerome Lawrenz, Chief United States Probation Officer for the Eastern District of Missouri. These letters indicate that both Mrs. Orta and her attorney were given the opportunity to review her presentence report and that Mrs. Orta's attorney did, in fact, review the PSI and indicated that he had no questions.[1] Clearly the evidence submitted by petitioner indicates that petitioner's attorney read her presentence report. Hence, petitioner's only claim for relief under § 2255 is that she did not read the PSI herself and that this Court did not question her regarding the matter prior to her sentencing. As noted above, however, such an omission on the part of the sentencing court does not rise to the level of a Rule 32 violation subject to collateral attack under § 2255.

Accordingly, and for the foregoing reasons, petitioner's petition for habeas corpus relief under 28 U.S.C. § 2255 will be denied.

---

**1.** In passing, the Court would note that Mrs. Orta had her own PSI independently prepared by the former Chief Probation Officer of this district, a J. Alan MacDoniels, and submitted it to the Court.