Christopher DENNIS, Petitioner,

v.

**A.L. TURNER, Respondent.**

**No. 89 Civ. 4186 (RWS).**

United States District Court, S.D. New York.

Jan. 16, 1990.

**16**

Christopher Dennis, pro se.

## MEMORANDUM OPINION

SWEET, District Judge.

*Pro se* petitioner Christopher Dennis ("Dennis") has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Dennis contends his federal sentence was unlawfully imposed because he was tried without first having his mental competency tested and, further, that he was denied effective assistance of counsel at trial because his lawyer failed to request that Dennis' competency to stand trial be so tested. For the reasons set forth below, the petition is dismissed.

### Prior Proceedings

On November 18, 1980, following a jury trial, Dennis and a co-defendant were found guilty of several counts of bank robbery and related offenses. Neither before nor during trial did Dennis or his lawyer question Dennis' competency to stand trial. After the Court of Appeals for the Second Circuit vacated Dennis' initial sentence, on remand the District Court (Pollack, J.) sentenced Dennis on May 22, 1981 to consecutive prison terms of 25 years and 20 years on two of the counts.

The instant petition originally was assigned to the sentencing court but subsequently and randomly was reassigned to this court. The petition indicates Dennis previously submitted a motion to the sentencing court pursuant to 28 U.S.C. § 2255, seeking reconsideration of his conviction on grounds similar to those alleged here. He has failed to indicate what, if any, docket number was assigned to that submission and no copy of such a filing has been located. Dennis further states that the prior petition was rejected on October 18, 1988, but no written opinion or order dismissing that application has been identified.

### Discussion

A trial judge "must exercise his discretion to determine whether there is 'reasonable cause' to believe that the defendant may be incompetent." *United States v. Oliver*, 626 F.2d 254, 258 (2d Cir.1980), *quoting Newfield v. United States*, 565 F.2d 203, 206 (2d Cir.1977). No hearing on competency is required if a court has not been given reasonable cause to believe that a defendant has competency problems. *See, e.g. United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir.1986); *United States v. Oliver*, 626 F.2d at 258–59; *Newfield v. United States*, 565 F.2d at 206–07.

Dennis' petition contains no information that suggests that at time of trial and sentencing, the court had any basis to doubt that Dennis had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or that he lacked "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam). Neither before or during trial did Dennis or his lawyer question his competency to stand trial. Moreover, review of a transcription

of colloquy between the court and the petitioner at a suppression hearing held in the criminal proceeding reveals that Dennis at the time was rational, attentive and well-informed (even to the point of provoking a query from the court as to whether petitioner had studied law). *United States v. Dennis,* S–80 Cr. 290 (Nov. 14, 1980 Suppression Hearing).

Petitioner did not testify at trial or at other ancillary proceedings. The only recorded statements of petitioner were those made at the suppression hearing, which, as noted, demonstrate that Dennis possessed a more than adequate understanding of his rights and the proceedings against him. Petitioner has failed to present or identify any other evidence that he lacked competency at the time of trial or even to point to information that would have intimated at that time the existence of genuine concerns as to his competency sufficient to warrant a hearing on the question. Accordingly, there is no reason to doubt that the trial judge acted within his sound discretion in not ordering, *sua sponte,* a hearing into Dennis' mental competency.

■ Dennis' ineffective assistance of counsel claim is equally lacking in support. Given the absence of any evidence indicating Dennis' competency was in doubt at the time of trial, counsel for Dennis obviously will not be presumed to have represented Dennis deficiently in failing to request a competency hearing. Failing such a showing of "unprofessional error," Dennis cannot begin to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

*Conclusion*

■ The filing of a Section 2255 petition "does not automatically entitle petitioner to a hearing." *Newfield v. United States,* 565 F.2d at 207. Here, as in *Newfield,* the petitioner has failed to set forth specific controverted facts bearing on his competency which he is in a position to establish by competent evidence at a hearing. Given

the sparse and conclusory nature of Dennis' assertions, a § 2255 hearing is unwarranted.

The petition is denied for the reasons stated above. The clerk is directed to enter judgment.

It is so ordered.