David HERNANDEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CV–92–4605 (CPS).

United States District Court,
E.D. New York.

Nov. 8, 1993.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Petitioner, David Hernandez, moves *pro se* to set aside or correct his sentence and presentence investigation report ("PSR") pursuant to Rules 35 and 32(c)(3)(D) of the Federal Rules of Criminal Procedure or pursuant to 28 U.S.C. § 2255.

On September 12, 1990, petitioner pled guilty before this Court to Count 2 of a fourteen-count indictment charging him with conspiracy to possess and/or distribute heroin from an unknown date to April 5, 1989, in violation of 21 U.S.C. § 846. Since petitioner was a juvenile at the time the charged crimes were committed, his written consent to be prosecuted as an adult for the crime of conspiracy was required. Petitioner's consent was obtained at the plea hearing in exchange for the dismissal of more serious charges against him. On December 14, 1990, petitioner was sentenced to ninety-seven months imprisonment, three years supervised release, and a $50 special assessment.

## DISCUSSION

Section 2255 of title 28, United States Code,[1] entitles a federal prisoner to move the sentence court to "vacate, set aside, or correct" a sentence that "was imposed in violation of the laws or Constitution of the United States."

Petitioner advances several claims as bases for the relief he seeks. Petitioner alleges that the Court impermissibly considered juvenile proceedings against him in imposing sentence and in permitting petitioner to be treated as an adult. In addition, the petitioner alleges that he (1) was improperly held accountable for the acts of co-conspirators when his sentence was determined, (2) was denied access to the courts after his sentencing, (3) was forced or persuaded to plead guilty by the use of trickery, (4) received ineffective assistance of counsel, (5) was not advised of his right to appeal at sentence, and (6) was entitled to a sentence reduction pursuant to federal sentencing guidelines due to his (i) status as a minor or minimal participant in the conspiracy to which he was a part, (ii) diminished capacity, and (iii) acceptance of responsibility. Petitioner's claims are addressed *seriatim* below.

Petitioner first alleges that the Court improperly considered information in the PSR that was either erroneous or should not have been considered, including prior uncounselled juvenile court proceedings.

A criminal defendant has a due process interest in the sentencing stage of his prosecution. *United States v. Malcolm*, 432 F.2d 809, 815 (2d Cir.1970); *Inzone v. United States*, 707 F.Supp. 107, 108 (E.D.N.Y.1989). That due process is abridged when a defendant is sentenced on the basis of "materially untrue" statements. *Inzone*, 707 F.Supp. at 108 (quoting *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct.

---

**1.** Petitioner styles his motion in part as a motion made pursuant to Rules 35 and 32(c)(3)(D). Rule 35 applies to the correction of a sentence on remand, the reduction of a sentence on motion by the government due to changed circumstances, or immediate correction of a sentence imposed as a result of arithmetical, technical, or other clear error. Rule 32(c)(3)(D) requires that, where the defendant contests a factual inaccuracy in the PSR, the court must, as to each matter controverted, make a finding or determine that such controverted matter will not be taken into account in sentencing. Here, the record reveals that the defendant did not allege any factual inaccuracy as to which the Court failed to either make a finding or state that it would not take such alleged inaccuracy into account for the purposes of sentencing. Therefore, petitioner's claims will rest on 28 U.S.C. § 2255.

1252, 1255, 92 L.Ed. 1690 (1948)). Pursuant to Rule 32(a)(1)(A), a sentencing court shall afford defendant and defendant's counsel the opportunity to read and discuss the PSR made available pursuant to subsection (c)(3)(A) or (c)(3)(B) of the rule.

■ Where the record reveals that the defendant was provided with an opportunity to review the PSR, post-sentence motions to correct alleged inaccuracies contained therein are appropriately denied. *See United States v. Sambino*, 799 F.2d 16, 17 (2d Cir. 1985) (Rule 35 motion); *United States v. Sheppard*, 621 F.Supp. 706, 708 (S.D.N.Y. 1985) (§ 2255 motion). Review of the record indicates that the petitioner and his counsel were afforded the opportunity to read the PSR. Petitioner did challenge some facts contained within the PSR prior to sentencing. Petitioner challenged and the government concurred with petitioner's charge of an inaccuracy in the PSR with respect to the stipulated amount of heroin involved in the offense, thereby reducing petitioner's base offense level from 34 to 32. Petitioner was also informed by the Court that the pipe bomb discovered in petitioner's bedroom would not, contrary to the recommendation contained within the PSR, yield a two-level enhancement imposed pursuant to Section 2D.1(b)(1) of the sentencing guidelines. Petitioner offered no other challenge to facts contained within the PSR before he was sentenced; even today he does not allege with any degree of specificity what information contained within the PSR is inaccurate.

Even if the PSR contained inaccuracies and petitioner had objected to such inaccuracies, petitioner's claim that such inaccuracies affected his sentence simply fails on the merits. The PSR listed petitioner's criminal history for the purposes of determining sentence level as "none." Because the petitioner had, according to the PSR's criminal history computation, no prior record apart from the instant offense, his criminal history category was I. The petitioner's base offense level total of 32, minus two for acceptance of responsibility, yielded an offense level total of 30 and, thus, a guideline range of 97–121 months, a minimum of three years supervised release, and a mandatory $50 assessment. Petitioner's sentence was at the lowest end of that range. Petitioner's sentence was not influenced by his criminal history or any other defect in the PSR.

■ The petitioner claims that he should not have been held accountable for the acts of co-conspirators in determining his sentence. However, petitioner's sentence was, in fact, not determined based on the conduct of co-conspirators. The Court specifically stated that petitioner was not being sentenced for the activities of the entire Hernandez organization of which he was a part. The base offense level was calculated on the basis of petitioner's own participation in the negotiation for two kilograms of heroin. In addition, as discussed above, the lowest guideline range sentence was imposed by the Court.

The petitioner next claims that he was denied access to the courts after sentencing. The only basis for such a claim appears in connection with petitioner's desire to appeal the sentence, which is discussed below.

Petitioner next claims that his guilty plea was induced through the use of trickery and bullying tactics by his counsel. Petitioner also alleges that, due to his difficulty understanding English and mental problems, he was not fully competent to understand the nature and consequences of the proceeding.

■ Claims by petitioners that their pleas were involuntarily made due to the erroneous advice or unrealized promises made by counsel "afford an all to easy avenue for the invalidating of conviction on pleas of guilty." *United States v. Horton*, 334 F.2d 153, 154 (2d Cir.1964). Thus, when considering the voluntariness of a defendant's plea, courts look to the *voir dire* of the defendant upon each plea to determine whether the plea reflected a "knowing, free and rational choice of the alternatives open to the accused." *United States v. Melillo*, 336 F.Supp. 1169 (S.D.N.Y.1971) (quoting *Malcolm*, 432 F.2d at 812). Where the statements made during a plea allocution appear truthful, the court will give them considerable weight. *See United States v. Diaz*, 770 F.Supp. 840, 847 (S.D.N.Y.1991), *aff'd*, 956 F.2d 1160 (2d Cir.1992); *United States v.*

*Collado–Gomez,* 674 F.Supp. 426, 428 (E.D.N.Y.1987), *aff'd,* 854 F.2d 1315 (2d Cir. 1988). Where the invalidity of a guilty plea is asserted in a section 2255 proceeding, the court's duty is to examine the record of the plea proceeding to determine whether that record demonstrates, pursuant to Fed. R.Crim.P. Rule 11 requirements, "that the defendant's plea was made voluntarily with an understanding of the nature of the charge and that there was a factual basis for the plea." *Seiller v. United States,* 544 F.2d 554, 567 (2d Cir.1975).

■ The record here indicates that the petitioner's plea was made voluntarily with an understanding of the nature of the charge and the factual basis for the plea. At the petitioner's September 12, 1990 plea hearing, the Court explained petitioner's rights with respect to counsel. Petitioner was informed that he had the right to the assistance of a lawyer at every stage of his case, whether or not he pled guilty; that such a lawyer must be competent and effective; that, if for any reason he was not satisfied with his current lawyer, he could ask the Court for another one; and that, if he could not afford another attorney, another could be appointed for him at no cost. Tr. at 5–6. Petitioner indicated that he understood these rights, that indeed he was satisfied with his attorney, and that he had enough time to discuss with his attorney his planned response to those charges. Tr. at 6.

The Court next ascertained that the petitioner understood the nature and consequences of his plea. The defendant's right to a trial—at which he may cross-examine witnesses, object to illegally obtained evidence, call defense witnesses, and avoid self-incrimination—and the government's burden to prove guilt beyond a reasonable doubt were fully explained. Tr. at 6–7. Petitioner indicated that he understood those rights and was willing to give them up. Tr. at 7.

The Court discussed the charges against the petitioner, and the petitioner admitted the truth of those charges. Tr. at 7–8. Petitioner also stated that he understood the maximum jail sentence and fines that he faced. Tr. at 9–10. As detailed above, the Court explained and the petitioner under-stood that he could not withdraw his guilty plea as long as the sentencing maximum was not imposed. Tr. at 11–12. The petitioner also stated that he read and understood the plea agreement and then signed that agreement. Tr. at 10–11. Finally, the Court asked specifically whether in petitioner's "own mind" he was pleading guilty of his "own free will" and whether anyone had "threatened" him to make him plead guilty. The petitioner stated that he was pleading guilty of his own will and without such threat. Tr. at 10.

Petitioner's claim that he did not understand English is belied by his claims under oath at the plea hearing that he attended school through his junior year of high school and lived in the United States for sixteen years and by his affirmative response to the question of whether he spoke and understood English without difficulty. Petitioner's claim that he was not fully competent to understand the proceedings also lacks basis. Petitioner relies upon one paragraph in the PSR which states that, when he was eight years old, a "psycho-social" evaluation found his IQ to be in the "dull-normal range" and that there "might exist minimal brain dysfunction," as evidenced by his hyperactivity, perceptual-motor and visual-perceptual problems. PSR at ¶ 43. Neither the brief reference in the PSR nor petitioner's present allegations supports a finding that petitioner was unable to understand the nature or consequences of the plea proceedings.

■ Petitioner also alleges with little factual support that he received ineffective assistance of counsel. Petitioner cites the alleged bullying by counsel and counsel's failure to conduct a pretrial investigation and bring the alleged mental problems to the Court's attention and his failure to attack an impermissible transfer of the proceeding from juvenile court to federal district court.

■ Where a defendant enters a guilty plea upon the advice of counsel, a challenge to the validity of the plea based upon ineffective assistance of counsel is governed by the *Strickland v. Washington* two-part test. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). A defendant

must show that counsel's representation fell below an objective standard of reasonableness, as determined by the range of competence required in criminal cases. *Id.* at 56, 106 S.Ct. at 369. Second, a defendant, satisfying the prejudice requirement, "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370.

As shown above, the record demonstrates that petitioner was advised that he was entitled to receive effective assistance of counsel at all stages of the proceedings, and petitioner stated that he was satisfied with his attorney's representation. The petitioner's contention that impermissible bullying was used by counsel to coerce his guilty plea is belied by the opportunity afforded petitioner to reject his counsel and his admission under oath that he pled guilty of his own free will.

▮ In addition, given the absence of evidence indicating that petitioner's competency was in doubt, failure of counsel to seek a competency determination does not constitute ineffective assistance of counsel. *See Dennis v. Turner,* 729 F.Supp. 15 (S.D.N.Y. 1990). No legitimate basis exists for counsel to have argued, as petitioner now contends, "schizophrenia" before the Court.[2]

▮ Petitioner's contention that counsel should have attacked an impermissible transfer of the proceedings to federal court also lacks merit. Section 5032 of title 18, United States Code, states that a juvenile alleged to have committed an act of juvenile delinquency shall not, with certain enumerated exceptions, be proceeded against in any court of the United States and shall be surrendered to the appropriate state legal authorities. "A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to state authorities shall be proceeded against under this chapter unless, upon advice of counsel, he requests to be proceeded against as an adult." *Id.* Petitioner had, in addition to the conspiracy charge, been indicted on several substantive offenses which fit within the section 5032 exceptions and thus did not require such a waiver. However, because the single conspiracy charge to which petitioner pled did not fit within such exception, permission was required. At a status conference on September 10, 1990, petitioner consented to be proceeded against as an adult. At the September 12, 1990 plea hearing, the government advised the Court that consent was necessary in order to proceed against the petitioner on the conspiracy charge, and such consent was obtained after the Court conducted an inquiry to satisfy itself that the petitioner was willing to be tried as an adult on the charge. Tr. at 13–15.

▮ Defense counsel's competence is presumed, and petitioner must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *See Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1985). Defense counsel made a legitimate tactical choice which enabled his client to plead guilty to one of several counts against him in exchange for the dropping of others.

Counsel vigorously argued on behalf of his client in raising objections to the PSR with respect to the amount of heroin involved and the impact of the discovery of the pipe bomb. He also argued that his client should be

---

**2.** Petitioner also makes reference in his petition to the duty of the Court to have recognized his incompetency and order a hearing. A trial judge "must exercise his discretion to determine whether there is 'reasonable cause' to believe that the defendant may be incompetent." *United States v. Oliver,* 626 F.2d 254, 258 (2d Cir.1980) (quoting *Newfield v. United States,* 565 F.2d 203, 206 (2d Cir.1977)). "No hearing on competency is required if a court has not been given reasonable cause to believe that a defendant has competency problems." *Dennis,* 729 F.Supp. at 16; *see also United States v. Vamos,* 797 F.2d 1146, 1150

(2d Cir.1986), *cert. denied,* 479 U.S. 1036, 107 S.Ct. 888, 93 L.Ed.2d 841 (1987). Hernandez' petition contains no information which suggests that at the time of sentencing the Court had reason to doubt that petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or that he lacked "a rational as well as a factual understanding of the proceedings against him." *Dennis,* 729 F.Supp. at 16 (quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam)).

sentenced to the low end of the guideline range. Yet, even if petitioner could show that his counsel's representation fell below an objective standard of reasonableness, he cannot show that, but for counsel's errors, he would have insisted on going to trial. Proof against the defendant in this case included agent interception of numerous telephone conversations in which petitioner participated concerning narcotics and the acting head of the Hernandez drug organization's statement that petitioner acted as a broker between him and a heroin supplier. The sentence received by petitioner was far less than the maximum he could have received had he been convicted after trial. In light of these circumstances, petitioner cannot meet the *Strickland* test requirements.

 Petitioner's next claim—that he is entitled to a sentence reduction due to his status as a minor or minimal participant in the conspiracy to which he was a part, his claim of diminished capacity, and his acceptance of responsibility—involves issues either not raised at the time of sentencing or addressed by the Court and decided. The Court determined that petitioner was not entitled to a reduction in his offense level due to his role in the offense because his role in limited transactions which the Court relied on to calculate his offense level was not minor or minimal. Sentencing Tr. at 6. The Court granted petitioner a two-point reduction in his offense level for acceptance of responsibility, and as discussed above, petitioner made no claim either before or at the allocution or sentencing that he suffered from diminished mental capacity. Therefore, these claims cannot be the basis for the relief petitioner seeks.

 Petitioner next alleges that he was not able to file an appeal after the Court imposed sentence because no one advised him of his right to appeal. Fed.R.Crim.P. 32(a)(2) states that a court has no duty to advise the defendant of any right to appeal after sentence is imposed following a plea of guilty "except that the court shall advise the defendant of any right to appeal the sentence." *Id.* "Congress enacted this amendment to Rule 32 as part of its guidelines system of sentencing reform under which a right to appeal one's sentence has become more meaningful." *United States v. Ferraro,* 992 F.2d 10 (2d Cir.1993).

Petitioner's right to appeal his sentence is governed by 18 U.S.C. § 3742(a), which provides:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

As discussed above, this Court sentenced petitioner for conspiring to possess and/or distribute heroin from an unknown date to April 5, 1989, in violation of 21 U.S.C. § 846. Petitioner was sentenced to the minimum guideline term of imprisonment appropriate for his offense level of 30. As also stated above, this Court determined that petitioner was not entitled to a reduction in his offense level due to his role in the offense because such role was not minor or minimal. Petitioner is entitled to assert this issue on appeal on the grounds of an incorrect application of the guidelines. He may also be entitled to appeal his sentence on the grounds that this Court's finding that he had waived the protection of 18 U.S.C. § 5032 as to his juvenile status was incorrect and that such sentence was thus imposed "in violation of law."

Although this Court has no doubts regarding the propriety and accuracy of its findings, petitioner was not advised of a right which is his by statute.

The Courts of Appeal that have considered a criminal defendant's remedy when he has not properly been advised of his right to appeal under Rule 32(a)(2) have split as to the appropriate remedy. The First, Third, Sixth, and Seventh Circuits have adopted a per se rule "that the failure to advise a defendant of the right to appeal requires vacation of the sentence and remand to the district court for resentencing and notice as to the right of appeal." *United States v. Butler*, 938 F.2d 702, 703 (6th Cir.1991); *accord United States v. Deans*, 436 F.2d 596, 599 n. 3 (3d Cir.), *cert. denied*, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir.1970); *Nance v. United States*, 422 F.2d 590, 592 (7th Cir.1970); *see also United States v. Padilla*, 1990 WL 33761 at *1, 1990 U.S.Dist. LEXIS 2987 at 3 (S.D.N.Y. March 20, 1990) (Sprizzo, J.) (vacating sentence and ordering resentencing based on failure to advise of right to appeal, *aff'd*, 956 F.2d 1159 (2d Cir.1992). In contrast, the Fourth, Fifth, and Eighth Circuits apply a harmless error analysis to situations in which the district court has not advised a criminal defendant of his right to appeal. *See United States v. Garcia–Flores*, 906 F.2d 147, 148–49 (5th Cir. 1990) (*per curiam*); *United States v. Drummond*, 903 F.2d 1171, 1173 (8th Cir.1990), *cert. denied*, 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991). The Second Circuit has not addressed this issue directly but in *Ferraro* suggested that, if presented with the appropriate case, it would adopt the strict compliance standard adopted by the First, Third, Sixth, and Seventh Circuits.

Accordingly, for the reasons stated above, the government is directed to produce the petitioner before this Court for resentencing on or before December 17, 1993. In all other respects, the petition is denied.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.