**UNITED STATES of America, Plaintiff–Respondent,**

v.

**Jean B. VANCOL, Defendant–Petitioner.**

**Crim. A. No. 88–7 MMS.**

United States District Court,
D. Delaware.

Nov. 7, 1991.

See also 692 F.Supp. 331.

Richard G. Andrews, First Asst. U.S. Atty., and Nancy Killien, Law Clerk, Dept. of Justice, Wilmington, Del., for plaintiff-respondent.

Leo John Ramunno, Wilmington, Del., for defendant-petitioner.

MURRAY M. SCHWARTZ, Senior District Judge.

## OPINION

### I.

On April 18, 1988 petitioner Jean B. Vancol was tried by jury in this Court for five federal offenses relating to the distribution of crack cocaine. The jury returned verdicts of guilty for all five counts:

Count I: distribution of more than 5 grams of crack cocaine on February 1, 1988, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.[1]

Count II: distribution of more than 5 grams of crack cocaine on February 2, 1988, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2.

Count III: conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) all in violation of 21 U.S.C. § 846.

Count IV: using the telephone to facilitate the distribution of cocaine base in violation of 21 U.S.C. § 843(b).

Count V: resisting arrest in violation 18 U.S.C. §§ 111 and 2.

Vancol has moved to vacate his sentence[2] under 28 U.S.C. § 2255 on several grounds. Petitioner first contends that he should be resentenced because his trial counsel did not object to alleged factual inaccuracies in the Presentence Investigation Report ("PSI"). The alleged inaccuracies include the following: 1) that Vancol used the telephone to facilitate a drug transaction; 2) that Vancol was involved in a second drug transaction; 3) that Vancol resisted arrest; 4) that 106 grams of cocaine were involved in the two sales; and 5)

that Vancol's sentence was enhanced two points due to the alleged use of a "dangerous weapon" by the co-defendant.[3] Vancol contends that his sentencing counsel's silence constituted ineffective assistance of counsel under the Sixth Amendment and that the failure to object resulted in the Court's reliance on false information during sentencing. *See Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (a defendant has the right not to be sentenced on the basis of false information). Petitioner also asserts the Court's reliance on allegedly false information violated his Fifth Amendment right to due process and his Fourteenth Amendment right to the equal protection of laws.[4]

Second, Vancol contends the sentencing court violated his right to due process under the Fifth Amendment by failing to inquire whether or not he had read the presentence investigation report (PSI) and whether he had any dispute with the facts in the report, pursuant to Federal Rule of Criminal Procedure 32(a)(1)(A).[5] Third, Vancol asserts the sentencing court violated his due process right by failing to make findings of fact pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D).[6]

---

1. On February 8, 1988 the federal grand jury sitting in the District of Delaware returned a five count indictment. In Count I of that indictment, Petitioner was charged with distributing more than 50 grams of substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 18 U.S.C. § 2. On April 18, 1988, pursuant to the government's motion, Count I of the indictment originally returned on February 8, 1988 was dismissed and was then replaced by a superseding indictment returned April 14, 1988. Count I of the superseding indictment charged movant with knowingly distributing more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

2. The Court sentenced Mr. Vancol to fifteen years imprisonment. The term consisted of fifteen years on Counts I, II, and III, four years on Count IV, and three years on Count V, all to be served concurrently. Further, upon release from imprisonment, the Court placed Mr. Vancol on supervised release for terms of five years on each of Counts I, II, and III, and terms of one year on each of Counts IV and V, all such terms to run concurrently. Petitioner's conviction was affirmed by the Court of Appeals.

3. This last "factual inaccuracy" is better characterized as a question of law. Neither in petitioner's brief nor at oral argument did petitioner challenge the fact that the co-defendant indeed had a two and a half foot to three foot machete during one of the sales. Petitioner challenges instead whether the co-defendant's possession of the weapon may be attributed to Vancol for purposes of sentencing.

4. The Fourteenth Amendment claim is without merit. *See* U.S. Const. amend. XIV.

5. Fed.R.Crim.P. 32(a)(1)(A) provides:

    Before imposing sentence, the court shall also—
    (A) determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B).

6. Fed.R.Crim.P. 32(c)(3)(D) provides:

    If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investiga-

Regarding the alleged violations of Federal Rule of Criminal Procedure 32, the government contends that the actions are not cognizable under 28 U.S.C. § 2255 and that even if they were cognizable, Vancol waived consideration of these issues when he failed to raise them on appeal. With respect to the ineffective assistance of counsel claim, the government concedes that 28 U.S.C. § 2255 is the correct procedure for raising the issue. However, the government urges that the trial attorney's behavior did not amount to any Sixth Amendment violations.

The Court finds that an evidentiary hearing is not necessary and that petitioner's allegations are without merit. Accordingly, petitioner's section 2255 motion will be denied.

## II.

This proceeding is brought under 28 U.S.C. § 2255, the statutory analogue of habeas corpus for persons in federal custody.[7] Under section 2255 a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The statute provides a remedy for "a sentence [which] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

In the past courts have found that a federal sentence is unconstitutional and hence vulnerable to a section 2255 attack, despite a valid conviction, if the sentence results from the denial of a procedural right protected by the Fifth Amendment due process clause, *see e.g., United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Moore v. United States,* 571 F.2d 179 (3rd Cir.1978); by the Sixth Amendment right to effective assistance of counsel, *United States v. Nino,* 878 F.2d 101 (3rd Cir.1989) (claim that sentence should be vacated due to ineffective assistance of counsel); and by other constitutional rights. *See e.g., United States v. Martinez,* 837 F.2d 861 (9th Cir.1988) (speedy trial); *Marshall v. U.S.,* 576 F.2d 160 (9th Cir.1978) (confrontation claim). From these cases and from the language of section 2255 it is clear that petitioner's Sixth Amendment claim of ineffective assistance of counsel and his Fifth Amendment due process claim to be sentenced on the basis of fair information are at least cognizable under section 2255.

Despite its seemingly broad scope, section 2255 is not without limits. The Supreme Court has noted that section 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). In fact, "unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited." *Id.* at 185, 99 S.Ct. at 2240 (citing *Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067). To raise a nonconstitutional error on collateral attack, the error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice

tion report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

7. *See United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). "Suffice it to say that it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide the sentencing court with a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." *Hill v. United States,* 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1961) (citing *Heflin v. United States,* 358 U.S. 415, 421, 79 S.Ct. 451, 454–55, 3 L.Ed.2d 407 (concurring opinion)) (footnote omitted). The two remedies are almost identical, yet remain distinct in modest respects. *See generally* James S. Liebman, *Federal Habeas Corpus Practice and Procedure* (1988).

[ ] or an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428; 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1961).

■ Against this background, the Court must decide whether petitioner's alleged Rule 32(a)(1)(A) violation is cognizable under section 2255. The Supreme Court has held that mere technical violations of the Rules of Criminal Procedure are not subject to attack under section 2255. *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1961); *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (holding that a technical violation of Rule 11 is not properly raised on a section 2255 motion). In *Hill* the litigant filed a motion to vacate sentence under 28 U.S.C. § 2255. Petitioner alleged that at the time of sentencing he had been denied the right under Rule 32(a) to make a statement in his own behalf and present any information in mitigation of his punishment. *Id.* The Supreme Court held that "the failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack." *Id.* at 426, 82 S.Ct. at 470.

In reaching its conclusion in *Hill* the Court cautioned, however, that it was,

not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor [was] it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there [was] no claim that the defendant would have had anything to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the con-

text of other aggravating circumstances is a question we therefore do not consider.

*Hill v. United States,* 368 U.S. at 429, 82 S.Ct. at 472.

In the present case the petitioner alleges that at the time of sentencing, the sentencing court failed to determine whether he had read the PSI as required by Rule 32(a)(1)(A) and to determine whether he had any dispute with it as set forth in 32(c)(3)(D). Because a violation of Rule 32 is not a constitutional claim nor a jurisdictional claim the Court must determine whether this alleged violation constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure."

The government urges the Court to adopt the position of the District Court for the Eastern District of Missouri as explained in *Orta v. United States,* 719 F.Supp. 866, 868–69 (E.D.Mo.1989). In *Orta,* petitioner alleged that the district judge failed to comply with Rule 32(a)(1)(A) when sentencing and that said noncompliance violated her right to be sentenced on the basis of accurate information. The court found that the sentencing court's failure to inquire directly of the defendant regarding the reading of the PSI and defendant's failure to read the report herself did not rise to the level of rule violation that is cognizable under section 2255. The petitioner, on the other hand, cites *Poor Thunder v. United States,* 810 F.2d 817 (8th Cir.1987), among others for the proposition that certain alleged violations of Rule 32(C)(3)(D) are cognizable under section 2255. Petitioner, however, cites no case involving Rule 32(a)(1)(A).[8] The Third Cir-

8. The defendant in *Poor Thunder* pled guilty and was sentenced to three years on a manslaughter charge and a consecutive four year term on a firearms count. At sentencing, the defendant, who had been duly given a chance to examine the presentence report, called the court's attention to no less than ten claimed errors of fact in the report. *Id.* at 820. Shortly after arriving at the prison, the petitioner discovered that his PSI had been sent to the Bureau of Prisons and the United States Parole Commission unchanged. No written findings

or determinations by the sentencing court were appended to or accompanied the report. The Defendant then filed a section 2255 motion to correct or vacate his sentence. The defendant alleged that inaccurate and erroneous information was contained in his PSI and that no findings were made as to the accuracy of controverted facts. The Court of Appeals in *Poor Thunder* held that in the particular circumstances of the petitioner's case, petitioner's Rule 32(c)(3)(D) claim was cognizable under section

cuit Appellate Court has specifically left open the question of whether a violation of Rule 32 would be cognizable under section 2255.[9] *United States v. Katzin,* 824 F.2d 234, 238 n. 5 (3rd Cir.1987).

Rule 32(a)(1)(A) requires the Court determine that the defendant and defendant's counsel have had the opportunity to read and discuss the PSI. Petitioner admits he had the opportunity to read and discuss the PSI with his counsel. Where a defendant admits he read and discussed the PSI but then alleges that the court did not "determine" that petitioner had, in fact, read and discussed the PSI, the defendant is actually alleging a technical violation of Rule 32. Pursuant to the reasoning of *Hill,* a technical violation of Rule 32(a)(1)(A) is not cognizable under section 2255.

■ Even if the alleged violation of Rule 32(a)(1)(A) were cognizable under section 2255, there was compliance with the requirements of the rule as interpreted by the Court of Appeals for the Third Circuit. Under the law in the Third Circuit, Rule 32(a)(1)(A) does not create an absolute requirement that the court personally ask the defendant whether he had an opportunity to read the presentence report and discuss it with counsel; rather the court "need only *somehow* determine that the defendant has had this opportunity." *United States v. Mays,* 798 F.2d 78, 80 (3rd Cir.1986).[10]

In this case, the defendant admits that he and his attorney read the presentence report prior to the sentencing hearing. The defendant also signed an acknowledgment that he had read the presentence report.[11] The defendant's attorney wrote a letter dated June 8, 1988 to the United States Probation Office advising them that he had reviewed the PSI with Vancol and that there were no objections to the report.[12] Finally, Defendant did speak on his behalf at the sentencing hearing.

The sentencing judge considered both the June 6 acknowledgement and the June 8 letter during sentencing in accordance with the practice of the District Court of Dela-

---

2255. The court distinguished *Hill* by noting that 32(c)(3)(D) "though in one sense merely another aspect of sentencing procedure, addresses a quite different need—the need for factual accuracy in a key sentencing document." *Id.* at 822.

**9.** In *Katzin,* the defendant on a Rule 35(a) motion alleged that the sentencing court failed to comply with Federal Rule of Criminal Procedure 32(c). Because the court found jurisdiction under Rule 35 the court noted that it "need not decide whether jurisdiction would also be appropriate under 28 U.S.C. § 2255. *Compare Poor Thunder v. United States,* 810 F.2d 817 (8th Cir.1987) (Section 2255 jurisdiction appropriate for some alleged violations of Rule 32(c)(3)(D) undermining factual accuracy of PSI) *with Johnson v. United States,* 805 F.2d 1284, 1287 (7th Cir.1986) (Section 2255 provides jurisdiction for Rule 32 violation only if there is also violation of constitutional right to due process)." *Id.* at 238 n. 5.

**10.** Noting there is a split among the circuits, the Court of Appeals for the Third Circuit rejected the reasoning of the Seventh Circuit "which has construed 32(a)(1)(A) to impose an affirmative duty upon the court to ask the defendant directly whether he or she 'has had an opportunity to read the report, whether the defendant and defense counsel have discussed the report and whether the defendant wishes to challenge any facts in the report.'" *United States v. Mays,* 798

F.2d at 80 (quoting *United States v. Rone,* 743 F.2d 1169, 1174 (7th Cir.1984)).

**11.** The acknowledgement is maintained in the files of the U.S. Probation Office and was signed well over a month before sentencing.

**12.** The text of the letter written on June 8, 1988 written to the probation officer reads as follows:

Please be advised that I have had the opportunity to review the Presentence Investigation Report. I have reviewed this and I have also written a letter to Jean Vancol to explain the report to him. In addition to doing that, I met with Mr. Vancol on Monday, June 6, 1988 to counsel him about the report and the sentence. The sentencing guidelines are very strict, especially for crack cocaine. On page 8 of the report, it does state that Mr. Vancol is facing anywhere from 141 to 188 months in jail. When he is in prison he will be able to earn what is called "good time" in the amount of 54 days per year maximum. He will also be able to earn a nominal amount of money when he is in prison. Hopefully, he will be able to earn enough money to pay off his friend to whom he owes a debt.

Please be advised that after talking with Mr. Vancol I do not have any objections to report on his behalf. I sincerely appreciate the opportunity to review the report with you.

Thank you very much.

Very truly yours,

J. Calvin Williams, Jr.

ware at that time. During the sentencing hearing the defendant spoke and did not object to or otherwise indicate any inaccuracies in the Presentence Investigation Report. The Court noted that there were no objections to the factual statements contained in the PSI and that there were no objections to the probation officer's conclusions as to the applicable guidelines. (Tr. at 5–6 (Dkt. 71)). In short, this sentencing judge did determine that the defendant had an opportunity to read the PSI and that there were no objections.[13]

### III.

▆ Petitioner also alleges that his rights under Rule 32(c)(3)(D) were violated when this Court failed to hold an evidentiary hearing on alleged inaccuracies in the PSI and that this failure led to the defendant being sentenced on the basis of factual inaccuracies in violation of his due process rights. Sentencing judges are not, however, required to make findings regarding alleged inaccuracies in PSIs or determinations that the alleged inaccuracies will not be relied on, where a defendant fails to controvert the accuracy of the PSI. *United States v. Brody*, 808 F.2d 944 (2nd Cir. 1986); *United States v. Hurtado*, 846 F.2d 995 (5th Cir.1988), *cert. denied* 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988); *cf. United States v. McDowell*, 888 F.2d 285, 290–91 n. 1 (3rd Cir.1989); *United States v. Urian*, 858 F.2d 124, 127 (3rd Cir.1988); *United States v. Roberson*, 896 F.2d 388 (9th Cir.1990), *opinion amended on reh'g*, 917 F.2d 1158 (9th Cir.1990) (hold-

ing that a sentencing judge was not required to make findings under Rule 32(c)(3)(D) with respect to disputed matter in a PSI where the defendant failed to present a factual scenario at odds with that set forth in the PSI). Absent some assertion by defendant, the sentencing judge cannot know of any alleged inaccuracy necessitating Rule 32(c)(3)(D) findings and there can be no cognizable claim under section 2255. At oral argument petitioner was unable to point to anything said during the sentencing hearing that should have put the Court on notice that there were any objections to the PSI.[14] The error petitioner complains of is, therefore, of the error of sentencing counsel, rather than the error of the Court.

### IV.

▆ In somewhat related claims, the petitioner urges that his sentencing attorney's failure to adequately explain the PSI to him and the sentencing attorney's failure to object to alleged inaccuracies in the PSI constituted ineffective assistance of counsel which led to his being sentenced on the basis of false information. *See Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). These claims are of constitutional dimension. As such they are clearly cognizable under the plain language of section 2255 and are not procedurally barred. *See United States v. Kimmelman*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *cf. United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir.

**13.** Assuming that this Court did not comply with Rule 32(a)(1)(A) and that the alleged violation of the same was cognizable under section 2255, the Court would have to determine whether the claim would be barred under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Apparently, the Court of Appeals for the Third Circuit would have the courts below decline to apply *Frady*'s "cause and prejudice" standard and instead apply the *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), standard of "deliberate bypass" in all section 2255 motions challenging sentencing. *See Diggs v. United States*, 740 F.2d 239, 244 (3d Cir.1984); *United States v. Baylin*, 696 F.2d 1030 (3d Cir.1982). I use the word "apparently" because the Court of Appeals may be moving away from its approach in *Diggs* and *Baylin*. *See Diggs*, 740 F.2d at 244 n. 6. Moreover, because

the United States Supreme Court has recently reaffirmed the importance of finality in criminal prosecutions, the vitality of the deliberate bypass standard appears to be waning. *See McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 1468–69, 113 L.Ed.2d 517; *Teague v. Lane*, 489 U.S. 288, 309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

**14.** During oral argument, counsel for petitioner argued that petitioner did not know what was going on and specifically noted one of petitioner's comments during sentencing: "When I was outside, I was unaware of the law here in the United States." This statement could not have put the court on notice that there was an objection to the PSI.

1989); *United States v. Gambino,* 788 F.2d 938, 950 (3d Cir.1986), *cert. denied,* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986). The Court finds, however, that it is unnecessary to hold an evidentiary hearing on the claim of ineffective assistance of counsel which allegedly occurred at the sentencing phase.

The law on this issue has been clearly articulated by the Court of Appeals for the Third Circuit,

> A district court must hold a hearing if the petitioner has alleged facts that, if proved, would entitle him or her to relief and an evidentiary hearing is necessary to establish the truth of those allegations. However, bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the [government] to respond to discovery or to require an evidentiary hearing. *Mayberry v. Petsock,* 821 F.2d [179] at 185 [ (3d Cir.1987) ]. *See also Barry v. United States,* 528 F.2d 1094, 1101–02 (7th Cir.) (insufficiently detailed affidavit that did not demonstrate that petitioners had actual proof of allegations is "patently insufficient" to require hearing under 28 U.S.C. § 2255), *cert. denied,* 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976).

*Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3d Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991) (citations omitted); *see also Reese v. Fulcomer,* 946 F.2d 247, 253–54 (3d Cir.1991). The Court in *Zettlemoyer* further noted,

> We understand why an evidentiary hearing on the issue of counsel's competency might be required in a case in which a petitioner could point to specific significant mitigating evidence, available to counsel at the time of trial, that was not produced at a sentencing phase....
>
> We will not require an evidentiary hearing absent identification of some facts that support a contention of ineffectiveness, because to do so will encourage meritless petitions burdening judicial resources. *See Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2066 ("The availability of intrusive post-trial inquiry into attorney performance or of

detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense.").

*Id.*

The Sixth Amendment guarantees defendants the right to effective representation. Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show: (1) "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064; (2) "the deficiencies in counsel's performance must be prejudicial to the defense." *Id.* at 692, 104 S.Ct. at 2067.

Under *Strickland,* failure to adequately explain a PSI to a defendant and to object to factual inaccuracies therein may well be grounds concluding that counsel's representation fell below an objective standard of reasonableness. Nevertheless,

> [t]here is a strong presumption that counsel's performance falls within the "wide range of professional assistance[;]" the defendant bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms and that the challenged action was not sound strategy. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.

*Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) (citations omitted). Because under *Strickland* the defendant must also show prejudice, the petitioner here will have to show that had sentencing counsel objected, the sentencing court would have held a 32(c)(3)(D) hearing and determine the facts to be favorable to the defendant.

It will be assumed that each of the factual inaccuracies of which Vancol now complains were related by him to his sentencing counsel and that counsel failed to raise

them at sentencing. The petitioner, however, has identified no facts that support the contention of sentencing counsel's ineffectiveness. Three of the alleged inaccuracies in the PSI are, in actuality, attacks on the jury's determination of guilt: Petitioner alleges 1) that he did not use the telephone to facilitate a drug sale; he was, however, convicted of this in Count IV of the indictment; 2) that he was not involved in a second drug transaction; he was, however, convicted on two transactions on different days as set forth in Counts I and II of the indictment; 3) that he did not resist arrest; he was, however, convicted of this in Count V of the indictment. Neither in oral arguments nor in petitioner's brief did counsel for the petitioner identify any facts to remotely suggest that the jury was wrong in its determinations.[15]

Petitioner also alleges that 106 grams of cocaine were not involved in the transactions. However, at oral argument counsel for the petitioner conceded that there was no basis to contest the lab report introduced at trial which indicated that 106 grams were involved in the transactions. Based on counsel's statements at oral argument it is difficult to view petitioner's request for an evidentiary hearing on this alleged inaccuracy as anything less than frivolous.

■ Regarding the petitioner's enhanced sentence based on the presence of a dangerous weapon, petitioner does not contest the fact that his co-conspirator possessed a dangerous weapon; nor does he contest that a co-conspirator in a conspiracy is liable for the acts of others who were in the conspiracy. *See United States v. Gonzalez*, 918 F.2d 1129, 1135 (3d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1637, 113 L.Ed.2d 733 (1991) (citing *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)). Rather, petitioner asserts that his sentence should not have been enhanced due to the acts of a co-

conspirator for which the co-conspirator was not convicted. Because this last issue is purely legal and presents no factual dispute it can be resolved without holding an evidentiary hearing.

Counsel have cited no Third Circuit cases, and research by the Court has revealed no cases directly on point.[16] A recent Court of Appeals decision from the Third Circuit, however, gives the Court some initial guidance on this issue. *See United States v. Demes*, 941 F.2d 220 (3d Cir.1991). In *Demes* the defendant was convicted for possession of cocaine with intent to distribute and for distribution of cocaine. He received an upward adjustment of two points for possession of a dangerous weapon. The search of Deme's house at the time of his arrest uncovered an "arsenal of weapons." On appeal the court noted that while the weapons recovered were not used in the offenses they were clearly present and "as set forth in application note 3 to guidelines § 2D1.1, '[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense.'" *Id.* at 223. In *Demes* the defendant was never convicted of the weapons charge, but the court used the presence of weapons to enhance the sentence by two points.

While *Demes* did not involve a co-conspirator, its reasoning is equally applicable to this case. Petitioner does not contest the fact that his co-conspirator possessed a machete. Indeed, there is trial testimony indicating that the co-conspirator possessed the machete during one of the drug transactions and "played" with it in the car while petitioner sat next to him. Using the test set forth in *Demes* it is not "clearly improbable that the weapon was connected to the offense." Moreover, there is no reason for not applying the rule of co-conspirator liability set out in *Gonzalez* to the sentencing phase. Accordingly, Vancol may be held

---

**15.** Petitioner did not allege insufficiency of evidence; the Court therefore does not address whether such a claim is cognizable under section 2255. *See U.S. v. Allen*, 613 F.2d 1248, 1252 (3d Cir.1980) (court assumed without deciding

that claim of sufficiency of evidence was properly cognizable under section 2255).

**16.** Indeed, counsel for petitioner has cited no cases for his position.

**228**

accountable at sentencing for the acts of his co-conspirator, even though the co-conspirator was never convicted of the weapons charge. *See United States v. Turpin,* 920 F.2d 1377, 1386 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991); *United States v. Otero,* 890 F.2d 366, 367 (11th Cir.1989) (per curiam); *United States v. Aguilera–Zapata,* 901 F.2d 1209 (5th Cir.1990); *cf. United States v. White,* 875 F.2d 427, 433 (4th Cir.1990).

For the reasons set forth above, petitioner's section 2255 motion will be denied.