**UNITED STATES of America, Plaintiff–Respondent,**

v.

**Jean Baptiste VANCOL, Defendant–Petitioner.**

**Crim. Action No. 88–7 MMS.**

United States District Court, D. Delaware.

Feb. 6, 1996.

Gregory M. Sleet, United States Attorney, and Richard G. Andrews, Assistant United States Attorney, Department of Justice, Wilmington, Delaware, for plaintiff-respondent.

Jean Baptiste Vancol, pro se.

MURRAY M. SCHWARTZ, Senior District Judge.

## I.  Introduction

Before the Court is a motion to vacate sentence under 28 U.S.C. § 2255 brought by petitioner Jean Baptiste Vancol ("petitioner" or "Vancol").  On June 26, 1991, Vancol filed his first section 2255 motion to vacate sentence, alleging various violations of constitutional guarantees, as well as violations of the Federal Rules of Criminal Procedure.  *See United States v. Vancol,* 778 F.Supp. 219 (D.Del.1991) (*"Vancol I "*).  The motion was denied.  *Id.*  This second motion to vacate sentence alleges other violations of his constitutional rights, including ineffective assistance of counsel before, during, and after trial and during time of appeal, manipulation of sentence factor, and cruel and unusual punishment.  Finding no basis for relief in the petition, the Court will order Vancol's motion dismissed.[1]

---

1.  The statutory provision governing habeas cor-   pus relief for federal prisoners, 28 U.S.C. § 2255,

## II. Facts

The following recitation of facts contain only those facts relevant to the present petition. On February 8, 1988, a federal grand jury returned a five count indictment against Vancol, alleging the following:

Count I: distribution of more than five grams of crack cocaine on February 1, 1988, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; [2]

Count II: distribution of more than five grams of crack cocaine on February 2, 1988, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2;

Count III: conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) all in violation of 21 U.S.C. § 846; 

Count IV: using the telephone to facilitate the distribution of cocaine base in violation of 21 U.S.C. § 843(b) and

Count V: resisting arrest in violation of 18 U.S.C. §§ 111 and 2.

On April 18, 1988, Vancol was tried by a jury in the District of Delaware and was found guilty on all counts of the indictment. His conviction was affirmed by the Third Circuit Court of Appeals. On June 26, 1991, Vancol moved pursuant to 28 U.S.C. § 2255 to vacate his sentence on the following grounds: (1) defense counsel rendered ineffective assistance, in violation of the Sixth Amendment, by failing to object to alleged factual inaccuracies in the Presentence Investigation Report ("PSI"); (2) the Court relied on allegedly false information at sentencing in violation of Vancol's Fifth Amendment Right to due process and his Fourteenth Amendment right to equal protection

of the laws; (3) the Court violated Vancol's Fifth Amendment right to due process by failing to inquire whether he had read the PSI and whether he had any dispute with the facts contained in the report, pursuant to Federal Rule of Criminal Procedure ("Rule") 32(a)(1)(A); (4) the Court failed to make findings of fact pursuant to Rule 32(c)(3)(D) in violation of his due process rights; and (5) Vancol's enhanced sentence, based on his co-conspirator's possession of a dangerous weapon, was in error, because his co-conspirator was not convicted on the weapons charge. *See Vancol I*, 778 F.Supp. at 221.

The Court denied Vancol's petition. The Court concluded that the failure to personally ask the defendant whether he had the opportunity to read the PSI, a technical violation of Rule 32(a)(1)(A), was not cognizable under section 2255. *Id.* at 224. The Court also held that the Court's failure to hold an evidentiary hearing on alleged factual inaccuracies in the PSI did not violate Vancol's rights under Rule 32(c)(3)(D), because the defendant failed to controvert the accuracy of the PSI. *Id.* at 225. Further, the Court found that defense counsel's failure to adequately explain the PSI to him and to challenge the alleged factual inaccuracies in the PSI, which led to his being sentenced on the basis of false information, did not constitute ineffective assistance of counsel in violation of Vancol's Sixth Amendment rights. *Id.* at 226–27. Finally, the Court ruled that Vancol's enhanced sentence, based on the presence of a dangerous weapon in the possession of a co-conspirator, was not in error, notwithstanding the absence of a conviction of that co-conspirator on the weapons charge. *Id.* at

---

provides for a prompt hearing on the issues raised in the petition, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Day*, 969 F.2d 39, 41–42 (3d Cir.1992). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, in pertinent part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The Rules therefore allow the district court to dismiss the motion on the face of the pleadings, without the requirement of a hearing if, after

examining the submissions, the court concludes that no relief is warranted.

2. Count I, as it appears here, was returned on April 18, 1988. It superseded the original Count I of the indictment handed down on February 8, 1988, which alleged distribution of more than 50 grams of substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 18 U.S.C. § 2. Upon government's motion, the original Count I was dismissed and replaced by the superseding indictment set forth in the text above.

227–28. The Third Circuit Court of Appeals affirmed without opinion. *United States v. Vancol,* 970 F.2d 901 (3d Cir.1992). Vancol's second motion to vacate sentence pursuant to 28 U.S.C. § 2255 (the "petition") is now before the Court. Docket Item ("D.I.") 112.

Vancol's petition raises several grounds for relief. First, Vancol asserts that he was denied effective assistance of counsel before, during, and after trial. Second, Vancol asserts he was denied the right of appeal by reason of ineffective assistance of counsel. Third, Vancol argues that the Drug Enforcement Agency's ("DEA") act of setting up two telephonic sales of crack constituted a manipulation of sentencing factors, resulting in the imposition of a sentence greater than that which would have been imposed if only one drug transaction had been arranged. Finally, Vancol argues that his sentence based on the 100:1 weight ratio between crack and powder cocaine constitutes cruel and unusual punishment in violation of the Eighth Amendment and in violation of the Equal Protection Clause of the United States Constitution. Because Vancol raises new grounds as well as grounds previously raised and denied, the Court will treat them separately, as different legal standards apply to each.

### III. Analysis

A writ of habeas corpus provides relief of last resort for state and federal prisoners seeking to challenge criminal proceedings brought against them in violation of their rights under law. Habeas corpus jurisprudence attempts to reconcile the competing interests of vindication of prisoners' rights with the interests of finality in criminal proceedings, preserving judicial resources, and preventing the disparagement of the entire criminal justice system by perpetual collateral review. *See McCleskey v. Zant,* 499 U.S. 467, 490–92, 111 S.Ct. 1454,

1468–69, 113 L.Ed.2d 517 (1991). A district court may grant federal habeas corpus relief on behalf of a prisoner in custody of the United States on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeded the maximum authorized by law, by moving for relief under 28 U.S.C. § 2255. However, in recognition of the "concerns flowing from the significant costs of federal habeas corpus review," *McCleskey,* 499 U.S. at 490–91, 111 S.Ct. at 1468–69, the statute also provides that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Because habeas corpus jurisprudence is governed by equitable principles, the Supreme Court has ruled that "a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963).

One practice which may disentitle the petitioner to relief is the filing of successive petitions alleging grounds which have previously been decided against the movant in an earlier petition. *Sanders,* 373 U.S. at 15–17, 83 S.Ct. at 1077–78; *Kuhlmann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (plurality opinion).[3] In order to accord finality to the collateral attack procedure, 28 U.S.C. § 2244(a) provides that the district court need not entertain a successive petition by a federal prisoner if it appears that a prior application has already been examined by the court, the subsequent petition presents no new ground, and the court is satisfied that the ends of justice will not be served by consideration of the subsequent petition. *Kuhlmann,* 477 U.S. at 449, 106 S.Ct. at 2624. Rule 9(b) of the Rules Governing Sec-

---

3. *Kuhlmann* involved a state prisoner seeking federal habeas relief pursuant to 28 U.S.C. § 2254. A § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to 28 U.S.C. § 2254, and was intended to mirror § 2254 in operative effect. *Reed v. Farley,* ——— U.S. ———, ——— ———, 114 S.Ct. 2291, 2299–300, 129 L.Ed.2d 277 (1994) (quoting *Davis v. United States,* 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41

L.Ed.2d 109 (1974)). Thus, precedent under § 2254 and § 2255 may be used interchangeably. *United States v. Nahodil,* 36 F.3d 323, 327 (3d Cir.1994) (citing *Kaufman v. United States,* 394 U.S. 217, 224–27, 89 S.Ct. 1068, 1073–75, 22 L.Ed.2d 227 (1969) (applying precedent under § 2254 to a § 2255 proceeding)); *see also United States v. Gutierrez,* 839 F.2d 648, 650 (10th Cir. 1988) (same).

tion 2255 Proceedings authorizes the district court to dismiss the subsequent petition in that instance.

■ Another practice which may disentitle the petitioner to relief is the filing of a subsequent petition alleging claims which were available but nonetheless not raised in the first petition. *Sanders*, 373 U.S. at 17–19, 83 S.Ct. at 1078–79. In this instance, the filing of the subsequent petition can be deemed an abuse of the writ, and under Rule 9(b), the district court may dismiss the subsequent petition on that ground. *See* Rules Governing Section 2255 Proceedings 2(b) ("[The motion] shall specify *all* the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge....") (emphasis supplied). Because *abuse of the writ cases are treated differently* than successive petition cases under habeas jurisprudence, it is necessary to separate Vancol's different grounds for relief on the basis of whether the grounds are new or grounds previously denied.[4]

The Supreme Court has defined "ground" for the purpose of the abuse of the writ doctrine in *Sanders,* stating:

By "ground," we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in dif-

ferent language, or vary in immaterial respects.

*Sanders,* 373 U.S. at 16, 83 S.Ct. at 1077 (citations omitted). With these principles in mind, the Court will now turn its attention to the grounds alleged in the prior and present petitions in order to determine whether the present petition should be dismissed.

**A. Successive Petition: Petition Raises Grounds Previously Raised and Denied**

Vancol's first argument is denial of effective assistance of counsel. Supporting this ground are the following allegations. First, before trial, counsel allegedly failed to conduct any investigation and failed to visit defendant on more than one occasion. Counsel allegedly failed to procure an interpreter at his one visit with defendant, as well as at the time when the plea was allegedly offered to defendant. Counsel also allegedly failed to explain the plea offer to defendant in such a way as to allow defendant to make a meaningful decision. Second, during trial, counsel failed to present any defense witnesses or evidence, withdrew motions filed on behalf of defendant, and did not put defendant on the stand to testify. Third, after trial, counsel failed to move for a Judgment of Acquittal, failed to object to factual inaccuracies in the PSI, failed to consult with Vancol concerning his right to appeal, and failed to appeal the conviction.

■ Ineffective assistance of counsel is a ground for relief under 28 U.S.C. § 2255. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Day,* 969 F.2d 39 (3d Cir.1992). However, Vancol raised an ineffective assistance of counsel claim in his first petition. *See Vancol I,* 778 F.Supp. at 221 ("Vancol contends that his sentencing counsel's silence constituted ineffective assistance of counsel

---

4. In *Kuhlmann,* 477 U.S. at 444, 106 S.Ct. at 2622, the Supreme Court explained the difference between the terms "successive petition" and "abuse of the writ:"

The terms "successive petition" and "abuse of the writ" have distinct meanings. A "successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition.... The concept of "abuse of the

writ" is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that "disentitle[s] him to the relief he seeks," the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ. *Id.* at n. 6 (citations omitted).

under the Sixth Amendment. . . ."). Vancol's ineffective assistance of counsel claim in this case, albeit supported by different factual allegations, is the same ground that was raised in the prior petition. Merely because different factual allegations are offered in support of the theory does *not* mean that a different ground for relief is being offered. *See Sanders,* 373 U.S. at 16, 83 S.Ct. at 1077 ("In other words, identical grounds may often be proved by different factual allegations."). In this petition, Vancol points to various moments during the pre-trial, trial and post-trial phases of the case at which he alleges counsel performed deficiently and, in his view, rise to the level of ineffective assistance of counsel. However, these allegations support the same ground, that of ineffective assistance, as was urged in the prior petition.

When a habeas petitioner files a successive petition raising a claim previously presented and denied on a prior petition, a district court should dismiss the petition if (1) the same ground was presented and denied in the previous petition; (2) the determination was on the merits; and (3) the "ends of justice would not be served by reaching the merits of the subsequent application." *Sanders,* 373 U.S. at 15, 83 S.Ct. at 1077. *Sanders* explained "on the merits" to mean that "if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held." *Id.* at 16, 83 S.Ct. at 1077; *see also United States v. Leiby,* 820 F.2d 70, 73 (3d Cir.1987). The burden of proof is on the petitioner to prove that the ends of justice would be served by entertaining the subsequent petition. *Sanders,* 373 U.S. at 17, 83 S.Ct. at 1078.

In *Kuhlmann,* 477 U.S. 436, 106 S.Ct. 2616, the Supreme Court refined the *Sanders* inquiry by setting forth the circumstances under which federal courts should entertain a prisoner's petition for a writ of

habeas corpus that raises claims for the same relief which have been previously rejected on a prior petition. While recognizing the general rule that Congress intended district courts to give preclusive effect to a judgment denying on the merits a habeas petition alleging grounds identical in substance to those raised in subsequent petitions, the Court reaffirmed the "ends of justice" exception of *Sanders,* as a means to grant district courts discretion to identify those "rare" cases which warrant departure from the general rule of preclusion. *Id.* at 451, 106 S.Ct. at 2625. Only when a petitioner makes a colorable showing of factual innocence will the ends of justice require consideration of a subsequent petition.

> In the light of the historic purpose of habeas corpus and the interests implicated by successive petitions for federal habeas relief . . . we conclude that the "ends of justice" require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence. . . .
> The prisoner may make the requisite showing by establishing that under the probative evidence he has a colorable claim of factual innocence.

*Id.* at 454, 106 S.Ct. at 2626.

Applying these principles set forth in *Sanders* and *Kuhlmann,* the Court concludes, as discussed above, that the same ground of ineffective assistance of counsel was presented and denied in the previous petition. The issue was determined adversely to Vancol on the merits. *See Vancol I,* 778 F.Supp. at 225–27. Therefore, the Court will dismiss Vancol's petition unless he can satisfy his burden under the "ends of justice" inquiry by supplementing his constitutional claim with a colorable showing of factual innocence. *Kuhlmann,* 477 U.S. at 454, 106 S.Ct. at 2626. Vancol has failed to satisfy his burden. Vancol does not allege any facts which would make a colorable showing of innocence.[5] Instead, he asserts that his

---

5. In *Vancol I,* Vancol challenged certain facts contained in the PSI. This Court noted that the alleged inaccuracies in the PSI were, in actuality, attacks on the jury's determination of guilt.
   Petitioner alleges 1) that he did not use the telephone to facilitate a drug sale; he was,

however, convicted of this in Count IV of the indictment; 2) that he was not involved in a second drug transaction; he was, however, convicted on two transactions on different days as set forth in Counts I and II of the indictment; 3) that he did not resist arrest; he was,

counsel failed to conduct any pretrial investigation, failed to provide an interpreter, failed to provide defense witnesses or evidence, failed to allow him to testify on his own behalf, failed to move for a Judgment of Acquittal, and failed to conduct a meaningful appeal. Vancol asserts that counsel did not investigate and therefore did not present any mitigating evidence, such as "[l]ab reports, arrest reports and defendant testimony." D.I. 112, Exhibit ("Exh.") A at 5. However, he fails to state how that evidence, if presented, would have affected the outcome or demonstrated innocence. On the contrary, Vancol even appears to admit his guilt by stating that counsel should have "insist[ed] that petitioner take a [guilty] plea," because his first time offender status would have resulted in a more lenient sentence. *Id.* at 3. Accordingly, the Court concludes that Vancol has not made a colorable showing of factual innocence. The ends of justice would not be served by consideration of his second petition, which urges the same ground as the first. As to Vancol's ineffective assistance of counsel ground, therefore, Vancol's petition will be dismissed.

### B. Abuse of the Writ: Claims Not Previously Raised

The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus. *McCleskey,* 499 U.S. at 470, 111 S.Ct. at 1458. A habeas petitioner may be entitled to relief in a subsequent section 2255 motion alleging new claims if he can demonstrate cause for not raising it earlier, and prejudice resulting from the alleged error. *Id.* at 493, 111 S.Ct. at 1469; *Wise v. Fulcomer,* 958 F.2d 30, 34 (3d Cir.1992). The Supreme Court has defined "cause" for the purposes of the abuse of the writ doctrine, stating that "cause" requires a petitioner to demonstrate that "some objective factor external to the defense impeded counsel's efforts" to raise the claim at trial. *McCleskey,* 499 U.S. at 493, 111 S.Ct. at 1469 (quoting *Murray v. Carri-*

*er,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)); *see also United States v. Essig,* 10 F.3d 968, 979 (3d Cir.1993). A habeas petitioner must also show "prejudice," meaning "actual prejudice" resulting from the errors of which he now complains. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470 (quoting *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). Prejudice exists where "errors at trial ... worked to [petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Wise,* 958 F.2d at 34 (quoting *Frady,* 456 U.S. at 170, 102 S.Ct. at 1595) (emphasis in original).

If petitioner fails to demonstrate cause and prejudice, a district court may nonetheless excuse petitioner's failure to raise a claim in a prior petition if petitioner can show that a fundamental miscarriage of justice would result from the Court's failure to entertain the claim. *McCleskey,* 499 U.S. at 495, 111 S.Ct. at 1470 (citing *Sanders,* 373 U.S. at 15–17, 83 S.Ct. at 1076–78); *see also Wise,* 958 F.2d at 34. These are extraordinary cases when a constitutional violation has probably caused the conviction of a person who is innocent of the crime. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. The "fundamental miscarriage of justice" safeguard is intended to give "meaningful content" to the "ends of justice" inquiry set forth in *Sanders,* and turns on the same factual showing. *Id.* at 495, 111 S.Ct. at 1471. A federal court must entertain the subsequent petition when the petitioner "supplements a constitutional claim with a 'colorable showing of factual innocence.'" *Id.* (quoting *Kuhlmann,* 477 U.S. at 454, 106 S.Ct. at 2626).

In an abuse of the writ case, the government bears the burden to plead abuse of the writ upon a petitioner's filing of a subsequent petition. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. The government satisfies this burden by clearly and particularly identifying the claims in petitioner's prior and subsequent petition, and alleging

---

however, convicted of this in Court V of the indictment. Neither in oral arguments nor in petitioner's brief did counsel for the petitioner

identify any facts to remotely suggest that the jury was wrong in its determinations. *Vancol I,* 778 F.Supp. at 227.

that petitioner has abused the writ. *Id.* The burden then shifts to petitioner to disprove abuse, a burden met by demonstrating cause for failing to raise the claim before and resultant prejudice. *Id.* If the district court determines that, as a matter of law, petitioner fails to satisfy his burden, the petition may be dismissed, unless petitioner can show that a fundamental miscarriage of justice would result from the Court's failure to hear the claim. *Id.* at 494–95, 111 S.Ct. at 1470–71.

■ In the present case, the government has set forth with clarity and particularity Vancol's prior history of petitions under 28 U.S.C. § 2255. *See* D.I. 115. Its Answering Brief to Vancol's petition identifies the claims raised in the prior petition, those presently raised, and contains an allegation of abuse of the writ. Therefore, under the principles enunciated in *McCleskey*, the burden shifts to Vancol to demonstrate cause and prejudice. The Court will examine Vancol's explanation as to why he failed to raise the new claims in the prior petition to determine whether cause and prejudice exist to rebut the charge of abuse of the writ or, alternatively, whether a fundamental miscarriage of justice would result if this Court fails to entertain the present petition.

### 1. Denial of Right of Appeal

■ Vancol asserts as a ground for relief the denial of his right of appeal due to ineffective assistance of counsel. Specifically, he asserts that his attorney filed a frivolous appeal, causing his conviction to be summarily affirmed. Vancol also alleges that the attorney did not appeal any issue concerning his conviction, which foreclosed appellate review of the same. As this is a new claim not raised on his first petition, Vancol must demonstrate cause and prejudice for failing to raise the claim on the prior petition or demonstrate that a fundamental miscarriage of justice would result from this Court's failure to entertain the claim. *McCleskey*, 499 U.S. at 493–95, 111 S.Ct. at 1469–71.

**6.** Vancol offers a brief explanation of this argument in his motion, which states as follows: Drug Enforcement Agents iniated [sic] the sale (telephonically) on Feb. 1, 1988, resulting in 46

■ Vancol's reason for failing to raise these grounds in his first section 2255 petition is that counsel assisting him in that petition did not review the record, but rather, simply challenged the sentence. Accordingly, Vancol asserts that habeas counsel rendered ineffective assistance. This reason does not constitute cause within the meaning of *McCleskey; see also Essig,* 10 F.3d at 979. As an initial matter, a criminal defendant is not constitutionally guaranteed the assistance of counsel when collaterally attacking a judgment of conviction. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) ("[t]he right to appointed counsel extends to the first appeal of right, and no further."). There can be no Sixth Amendment ineffective assistance of counsel violation at a point in proceedings long after the point at which the Constitution requires counsel. Thus, Vancol's assertion that habeas counsel rendered ineffective assistance is without merit.

■ Further, ineffective assistance of counsel at the collateral relief stage cannot be considered cause because it is not an "objective factor external to the defense" which "impeded counsel's efforts to raise the claim." *See Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645; *Essig,* 10 F.3d at 968. As to Vancol's burden of showing prejudice, the alleged ineffective assistance of counsel at the collateral relief stage clearly cannot have prejudiced the proceedings during the *trial,* and therefore Vancol cannot demonstrate actual prejudice. Finally, Vancol has not demonstrated that the failure to entertain this petition would result in a fundamental miscarriage of justice, because, as noted above, Vancol has not made a colorable showing of factual innocence. *See Kuhlmann,* 477 U.S. at 454, 106 S.Ct. at 2626. Vancol's argument is without merit.

### 2. Manipulation of Sentence Factor

■ Manipulation of sentence factor, Vancol's third ground for relief, was not raised in his first habeas petition.[6] While

grams of crack—see presentence report (p 4). On Feb. 2, 1988 they again placed a phone call to effect another sale, resulting in (Allege [sic] ) 60 grams. They then arrested the petitioner.

Vancol has failed to clearly articulate the precise nature of the claim, the government's Answering Brief suggests that Vancol is arguing that "the DEA arranged for two sales of crack cocaine, when perhaps one might have been enough for a conviction." D.I. 115 at 5. Because this ground was not raised in Vancol's first petition, unless he can show cause and prejudice for not raising it earlier or demonstrate that a fundamental miscarriage of justice would result from the Court's failure to entertain the petition, the claim will be dismissed. *McCleskey*, 499 U.S. at 493–95, 111 S.Ct. at 1469–71.

As noted above, Vancol has failed to meet his burden to demonstrate cause for failing to raise these grounds in his first section 2255 petition, and makes no showing whatsoever of prejudice. Vancol has also failed to demonstrate that the failure to entertain this petition would result in a fundamental miscarriage of justice, because, as noted above, Vancol has not made a colorable showing of factual innocence. *See Kuhlmann*, 477 U.S. at 454, 106 S.Ct. at 2627. Vancol's argument is without merit.

### 3. *Cruel and Unusual Punishment/Equal Protection*

Vancol's final argument on this petition challenges the 100:1 weight ratio between cocaine base offenses and cocaine offenses. The effect of this ratio, as treated in the Sentencing Guidelines, allows a sentence for an offense involving cocaine base to be similar to a sentence for an offense involving 100 times that amount of cocaine. *See* United States Sentencing Guidelines § 2D1.1. Vancol asserts that this ratio violates the Cruel and Unusual Punishment Clause of the Eighth Amendment,[7] as well as the Equal Protection Clause of the Constitution.[8] This ground was also not raised in Vancol's first petition. Accordingly, unless he can show cause and prejudice for not raising it earlier

or demonstrate that a fundamental miscarriage of justice would result from the Court's failure to entertain the claim, the claim will be dismissed. *McCleskey*, 499 U.S. at 493–95, 111 S.Ct. at 1469–71.

As discussed above, Vancol has failed to meet his burden to demonstrate cause and prejudice within the meaning of *McCleskey*. Further, Vancol has not demonstrated that the failure to entertain this petition would result in a fundamental miscarriage of justice, because Vancol has not made a colorable showing of factual innocence. *See Kuhlmann*, 477 U.S. at 454, 106 S.Ct. at 2627. Vancol's argument is without merit.

### IV. Conclusion

Because Vancol has failed to demonstrate that the ends of justice would be served by this Court's consideration of his motion to vacate sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, a ground previously raised and denied, his petition as to this ground will be dismissed. As to the new grounds raised by Vancol's petition, because Vancol failed to demonstrate cause and prejudice for not raising them in his first petition, and because Vancol has not demonstrated that a fundamental miscarriage of justice would result from this Court's failure to entertain the claims, as to these new grounds, Vancol's petition will be dismissed.

---

This triggered the mandatory [sic] minimum sentencing guidelines.
D.I. 112 at 5–6.

**7.** Vancol's Cruel and Unusual Punishment challenge to the 100:1 weight ratio between cocaine base offenses and cocaine offenses is without merit. *United States v. Frazier*, 981 F.2d 92, 95

(3d Cir.1992) (per curiam), *cert. denied*, 507 U.S. 1010, 113 S.Ct. 1661, 123 L.Ed.2d 279 (1993).

**8.** Vancol's Equal Protection challenge to the 100:1 weight ratio between cocaine base offenses and cocaine offenses is also without merit. *Frazier*, 981 F.2d at 95.