**UNITED STATES of America, Plaintiff,**

v.

**Jean Baptiste VANCOL, Defendant.**

**Criminal Action No. 88–7 MMS.**

United States District Court,
D. Delaware.

July 30, 1997.

Jean Baptiste Vancol, F.M.C., Lexington, KY, pro se.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Jean Baptiste Vancol filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Docket Item ("D.I.") 130. Pursuant to § 2255, this Court must determine whether "the files and records of the case conclusively show that the prisoner is entitled to no relief," otherwise, the Court must order the United States Attorney to be served with notice of the motion. Because it is undisputed this is Vancol's third § 2255 motion,[1] the Court finds notice need not be served on the United States Attorney, and instead, the motion will be transferred to the Third Circuit Court of Appeals under 28 U.S.C. § 1631.

Vancol's motion challenges a two-level enhancement for specific offense characteristic under U.S.S.G. § 2D1.1(b)(1), for possession of a firearm or other dangerous weapon during the commission of the offense. Vancol states "The allege [sic] weapon was 30 yards away from where the transaction occurred. And I did not know the machete was in the vehicle."

Section 2255 was amended effective April 24, 1996, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Star. 1220 (1996). Two provisions of the section as amended are potentially relevant to Vancol's motion. First, in an unnumbered paragraph, the new § 2255 states:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Second, in another unnumbered paragraph, the section continues:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

## I. Time Limit

■ Initially, it would appear Vancol's motion is barred by the 1–year time limitation. He is not claiming a previous government impediment to making a motion, under subsection (2), nor is he claiming a newly recognized right by the Supreme Court under (3), or, as far as is discernable, newly discovered facts under subsection (4). As his judgment of conviction was final when the Third Circuit Court of Appeals affirmed on November 28, 1988, see D.I. 77, Vancol has filed this motion more than 1 year after his judgment of conviction became final.

One unpublished case from the Eastern District of Pennsylvania suggests, however, due to the recent amendment of § 2255 to incorporate a time limitation, prisoners be

---

1. See United States v. Vancol, 916 F.Supp. 372 (D.Del.1996), and United States v. Vancol, 778 F.Supp. 219 (D.Del.1991), aff'd, 970 F.2d 901 (3d Cir.1992).

given a grace period of one year from the effective date of the amendment, April 24, 1996, for filing motions. *United States v. Ortiz*, No. 97–1250, 1997 WL 214934 (E.D.Pa. April 28, 1997).[2] *Ortiz* stated "a number of courts have held that prisoners must be given a reasonable period of time in which to bring collateral review claims where the new limitation period ... would bar pre-accrued claims." 1997 WL 214934, at * 4 (citing *Peterson v. Demskie*, 107 F.3d 92 (2d Cir. 1997); *Duarte v. Hershberger*, 947 F.Supp. 146 (D.N.J.1996)). In accordance with these cases, the Court holds Vancol's motion is not time-barred because it was filed within one year from the effective date of the amendment to § 2255.

## II. Failure to Obtain Certification from the Court of Appeals

Vancol's more serious obstacle is his failure to obtain certification from the Third Circuit Court of Appeals. To repeat, § 2255 now requires:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

■ The Third Circuit Court of Appeals has not considered the procedure for disposing of § 2255 motions which have not been so certified; however, three other circuit courts of appeals are in agreement that the proper procedure is a transfer from the district court to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45 (6th Cir.1997); *Coleman v. Unit-*

ed States, 106 F.3d 339 (10th Cir.1997); *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996). Section 1631 states:

**Transfer to cure want of jurisdiction**
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The Second Circuit Court of Appeals in *Liriano* explained § 1631 is generally used to assist litigants who in good faith file in the wrong forum. 95 F.3d at 122. In the context of § 2255 motions, such cases may be transferred because of the possibility the petitioner could be time-barred from filing suit in the proper forum due to the new 1–year limitation, the court opined. *Id. See also Sims*, 111 F.3d at 47 (adopting the reasoning of Liriano); *Coleman*, 106 F.3d at 340–341 (same).

In the absence of specific direction of the Third Circuit Court of Appeals, this Court will follow the dictates of the Second, Sixth and Tenth Circuit Courts of Appeal, and transfer Vancol's § 2255 motion under 28 U.S.C. § 1631. The Court follows this course even though it is aware Vancol's third § 2255 motion is facially deficient, in that it does not urge newly discovered evidence nor a new rule of constitutional law.

---

2. *Ortiz* relied in part on a rule that a pro se prisoner's motions are considered filed at the time they are given to prison authorities for filing in federal court, as opposed to the date they actually are filed. 1997 WL 214934, at *3 (citing

*Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). That rule is irrelevant to this case, because Vancol's motion was filed with this Court on March 27, 1997, within one year of April 24, 1996.